JOHN HERSON, Appellant, v. THE CHICAGO AND ALTON RAILROAD COMPANY Respondent.

Kansas City Court of Appeals, June 15, 1885.

1. WITNESSES—WHEN ENTITLED TO FEES, ETC.—Under section 5620 and 5621, Revised Statutes, Mo. (1879), it plainly appears that a witness cannot claim for attendance or mileage, unless he has been compelled to attend, under the command of a *subpœna* or the obliga-

tion of a recognizance ; a voluntary attendance cannot be properly taxed against opposite party. *Hutchins v. The State*, 8 Mo. 288.

2.  PRACTICE—APPEAL FROM JUDGMENT FOR COSTS.—Ordinarily a judgment for costs is not a final judgment from which an appeal can be taken. If, however, the cause has been tried, and final judgment entered, and further proceedings occur after the trial and judgment, as for re-taxing the cots, such cases are distinguishable from those first-named. *James & Ray ex parte*, 59 Mo. 284 ; *Shed v. R. R. Co.*, 67 Mo. 687.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, J.

*Reversed and remanded.*

The facts are sufficiently stated in the opinion of the court.

BOGGESS & MOORE, for the appellant.

I.   The fees of a witness cannot be taxed as costs against the losing party in the trial of a cause, unless he *necessarily* attended the trial under the command of a *subpœna* or recognizance Sect. 5620. Rev. Stat., Mo. 1879, as amended by acts of 1881, p. 135. It is the policy of our law to protect the losing party from unnecessary costs and expenses, and a witness whose attendance and mileage are taxed against him must have *withdrawn* himself from his business and *necessarily* attended the trial at the command of *process*. *Hutchens v. The State*, 8 Mo. 288 ; *Driskell v. Parish*, 5 McLean 241 ; *Coken v. Pally's heirs*, 51 Ala. 511.

II.   A volunteer witness, or one who attends at the mere request and for the accommodation of one of the parties to a suit, and testifies for him at the trial thereof, is not a witness within the terms and spirit of the sections above cited. He is not under the control of the court, can depart at any moment, and should he depart the court has no power to compel his return by attachment. Sect. 4023, Rev. Stat., Mo. 1879. It is contrary to the intention of said sections that a person so at liberty should be allowed attendance and mileage as a witness, to be taxed as costs.

III.   The witnesses here attended the trial for the accommodation of defendant, and hence are not entitled to the fees taxed in their favor.

LATHROP & SMITH, for the respondent.

I.   No appeal will lie from an order of the court, overruling a motion to re-tax costs, Sect. 3710, Rev. Stat., 1879; *Boggess v. Cox*, 48 Mo. 278; *Conch v. Fisher*, 49 Mo. 371; *Moran v. Plankenton*, 53 Mo. 243; *Dale v. Wright*, 57 Mo. 110; *Conn v. Fereo*, 60 Mo. 17; *Evans v. Russell*, 61 Mo. 37; *Ernst. v. Steamer Brooklyn*, 24 Wis. 616.

II.   The fees allowed the two witnesses from Slater, for mileage and attendance were properly taxed as costs.   Sect. 5620, Rev. Stat., Mo. 1879; *Lonergan v. Ins. Co.*, 7 Bingham * 725; *Wheeler v. Lozee*, 12 How. Pr. (N. Y.) 446; *Moulton v. Townsend*, 16 How. Pr. (N. Y.) 306; *Vence v. Speir*, 18 How. Pr. (N. Y.) 168; *DeBenneville v. DeBenneville*, 1 Binney (Pa.) 46; *Price v. McGee*, 1 Breo. (S. C.) * 455; Anonymous, 5 Blatch. 134; *Dutcher v. Justices, etc.*, 38 Georgia 214; *Farmer v. Storer*, 11 Pick. (Mass.) 241.

III.   The appeal should be dismissed.

Opinion by ELLISON, J.

This cause was tried in the circuit court of Jackson county, at Kansas City, at its October term, 1883, and resulted in a judgment for the defendant.

The witnesses, John Hamilton and —— Herryman came from Slater, Mo., (Saline county), to Kansas City, for the sole purpose of testifying, and did testify for the defendant at the trial of the cause.   Their testimony was material for defendant.   No process was served upon them requiring their presence, but they attended the trial voluntarily and at the instance and request of defendant only.

The clerk of said court taxed as cost, in the case, and against plaintiff, the sum of $10.50 in favor of each of said witnesses, making the aggregate of $21.00, being mileage from Slater to Kansas City and return, and

one day's attendance at the rate allowed by statute to witnesses.

Thereupon at the same term of the court the plaintiff filed a motion for the re-taxing of said costs, which is in words and figures following :

" The plaintiff, against whom judgment was rendered for costs in the trial of the above entitled cause, moves the court to re-tax and abate the fees of John Hamilton and —— Herryman, for the sum of $10.50 each, making $21.00 in the aggregate, as allowed them by the clerk of this court, as witnesses, and taxed as cost against the plaintiff, for the reason that said parties appeared before the court as witnesses for the defendant, voluntarily and without being summoned by any legal process whatever."

This motion was tried on the following statement of facts, viz : " The witnesses, Hamilton and Herryman, were summoned by no legal process whatever, but came from Slater, Mo., to Kansas City, Mo., at defendant's request, for the sole purpose of testifying, and did testify in the trial of this cause, for the defendant, and were material in the cause for the defendant.

" That there was taxed in favor of said witnesses by the clerk and against the plaintiff, the sum of $10.50 each, being mileage to and from Slater and one day's attendance." No other evidence was offered.

The court overruled the motion and refused to re-tax said costs and entered judgment, on the motion, that plaintiff take nothing by the motion and that defendant go thereof without day, etc., to which action of the court the plaintiff duly excepted, and brings his case to this court by appeal.

The motion to re-tax should have been sustained. The witnesses were not *subpœnaed* or recognized to appear. Their coming was wholly voluntary, and mileage was not properly taxed against plaintiff. The statute section 5620 (laws 1881, page 135), prescribes that the witness may be examined under oath as to the number of days he has actually and necessarily attended and the number of miles he has necessarily traveled, *under*

the *subpœna*. By the terms of section 5621, Revised Statutes, the clerk is required to enter on his witness book, the number of days the witness has attended "and the number of miles he has necessarily to travel in consequence of the summons or recognizance and shall swear the witness to the truth of said entry." These sections plainly show a witness can not claim for attendance or mileage unless he has been compelled to attend, under the command of a *subpœna* or the obligation of a recognizance. *Hutchins v. The State*, 8 Mo. 288.

It is urged by respondent that an appeal does not lie in this cause, and many authorities are cited clearly showing that a judgment for costs is not a final judgment from which an appeal can be taken. In each of these cases there was no final judgment. Only and simply a judgment for costs. In this case, however, the cause had been tried and a proper final judgment entered, and this is an after proceeding, the cause of which (taxing the costs) did not occur till after the trial. This case is distinguishable from those cited by respondent, saying there was no appeal without a final judgment and that a judgment for costs was not such.

We think the last paragraph of the opinion in case of *James & Ray, ex parte* (59 Mo. 284), is applicable to this case.

The case of *Shed v. Ry. Co.* (67 Mo. 687), was an "appeal from a motion to re-tax costs." And while there does not seem to be any point made against the right of appeal we nevertheless regard the case as a precedent.

The judgment is reversed and the cause is remanded. All concur.