ELIJAH M. BOSLEY, Respondent, v. JOHN W. PARLE, Appellant.

St. Louis Court of Appeals, April 2, 1889.

Costs: RETAXATION. Where items of costs are specifically allowed by the trial court and adjudged against a party, such allowance and judgment cannot be reached by the ordinary motion to retax, which is applicable only to the ministerial taxation of costs by the clerk after an entry of judgment. A motion for new trial, within the proper time, is the only way for obtaining revision of a specific judgment for costs.

*Appeal from the St Louis City Circuit Court.*—Hon. JAMES A. SEDDON, Judge.

AFFIRMED.

*Lubke & Muench* and *Lodge & Talty*, for the appellant.

An appeal lies from the order overruling the motion to retax costs. *Shed v. Railroad*, 67 Mo. 687 ; *Herson v. Railroad*, 18 Mo. App. 439. Under the facts shown in this case the depositions taken by plaintiff were ·"sham depositions taken without cause." *Levering v. Schnell*, 8 Mo. App. 589. The act of April 3, 1885 ( Sess. Acts, 1885, 155 ), under which the commissioner was appointed, does not fix his compensation, nor does it provide how or by whom he shall be paid ; it follows that the rule applies that when a remedy in its nature special is provided the costs thereof cannot be taxed in favor of the party who invokes that remedy unless express authority so to do has been given. *Steele v. Wear*, 54 Mo. 531. An officer cannot legally claim remuneration unless the statute has expressly conferred the right. *Shed v. Railroad*, 67 Mo. 687. *A fortiori* a party cannot impose upon his adversary an obligation to pay for services rendered the first party unless express authority to charge the costs thereof to the adversary has been given. Statutes allowing costs must be strictly construed, and fees will not be permitted to be duplicated. *In re Murphy and Spillane*, 22 Mo. App. 476. Hence, it follows that plaintiff cannot have the subpœna, mileage and attendance of the witnesses taxed ( see fee-bill in the record ), and the cost of their unused depositions also. Depositions take the place of absent witnesses only under certain circumstances and can be read only after the party offering the depositions has established the cause for reading them. R. S. 2157 ;

*Grinnan v. Mackbee*, 29 Mo. 345; *Livermore v. Eddy*, 33 Mo. 547. The court below also took an erroneous view of the statute, Revised Statutes, 995, which declares that a plaintiff recovering in an action *ex delicto* any damages shall also recover his costs. The true meaning of this is such costs as were legally incurred, not ruthless or unnecessary costs. *Smith v. Myers*, 47 Mo. 342; *Walden v. Dudley*, 49 Mo. 419; *Herson v. Railroad*, 18 Mo. App. 439. The stipulation between parties as to the depositions in question was to the effect merely that the sums charged by the special commissioner were reasonable, and such sums might be allowed to him. The court's order with respect thereto allowing such sums as costs, generally, in the case was for the benefit of the commissioner only. There was no stipulation, and no order, that such costs should be taxed against defendant. The question of who, as between plaintiff and defendant, should bear such costs was left entirely open for future adjustment.

BIGGS, J., delivered the opinion of the court.

This is an appeal from the judgment of the circuit court overruling a motion filed by defendant to have the clerk of the court retax the costs in said suit. Defendant in his motion alleged that the clerk of the circuit court had wrongfully and illegally taxed the costs of taking certain depositions against defendant, and was threatening to collect the same by process of law.

It appears from the record that this action was begun in the circuit court on January 21, 1888. On the thirtieth of January, 1888, the court, being advised that plaintiff had given defendant notice of his intention to take depositions in the city of St. Louis, appointed a commissioner, as required by the statute, to take the depositions. By consent of parties, a stenographer was employed. On the thirteenth day of April, 1888, the parties filed a stipulation in court, by which they agreed that the commissioner be allowed seventy-five

dollars for his services, and the stenographer one hundred and twenty-one dollars. When this stipulation was filed, the following record entry was made: "By consent of parties, it is ordered that F. J. McMaster, Esq., be allowed for services in taking depositions in this cause the sum of seventy-five dollars, and the further sum of one hundred and twenty-one dollars for stenographer's fees. It is further ordered that such allowance be *taxed generally as costs in the case.*" This entry was under date of April 13, 1888. On the following day, a final judgment was entered in favor of plaintiff and against defendant for the sum of two hundred and fifty dollars and also a judgment against defendant for all costs.

The clerk, in accordance with this judgment and order of the court above recited, taxed the fees of the commissioner and stenographer, amounting to one hundred and ninety-six dollars, against defendant.

On the twenty-sixth day of April, twelve days after the entry of the final judgment in the cause, but within the term, defendant filed his said motion alleging that these items of cost were improperly and illegally charged by the clerk against defendant, and that this expense ought to be paid by plaintiff, because the depositions were not taken in good faith and were not used in the trial of the cause. That all the witnesses were well known residents of the city of St. Louis, that they were all in good health and never had any idea or intention of being absent from the city at the trial. That all of the witnesses were present in court and their depositions were not used. The court overruled this motion; the defendant excepted, and has brought the case to this court for review.

The only error complained of, or assigned, is the *refusal of the court to sustain defendant's motion.*

The record establishes conclusively that there was no necessity for taking the depositions and that it was a useless expense. But defendant has mistaken his

remedy.  It is true that a party may at any time during the term at which a final judgment is rendered, or at any subsequent term, file a motion to retax costs, and if the party filing the motion is not satisfied with the ruling of the court thereon, an appeal will lie in his behalf to the appellate court.  *Shed v. Railroad*, 67 Mo. 687 ; *Herson v. Railroad*, 18 Mo. App. 439.  But this applies only where the duty of taxing the costs in the first instance devolves on the clerk.  This is generally a ministerial duty performed by him after the entry of the final judgment ; and for the purpose of giving the parties an opportunity to object to any error or mistake of the clerk in the taxation of costs, the law permits the motion to retax to be filed at any time.  This is not so, where the costs complained of have been directly adjudicated by the order and judgment of the court.  *Mann v. Warner*, 22 Mo. App. 577.

On the thirteenth, the court allowed the expense complained of and ordered and adjudged that it be taxed as costs.  On the day following, to-wit, the fourteenth, a general judgment for costs was rendered against defendant, by which the defendant was made liable for the costs now complained of by him.  If he felt himself aggrieved by this, he should have filed his motion for new trial within four days after the rendition of the judgment, and brought to the attention of the trial court, the complaint he now makes.  But this was not done, and no action was taken by him until the twenty-sixth, when the motion to compel the clerk to retax the costs was filed.  The clerk in taxing the costs against defendant, was only carrying out the judgment, or direct orders of the court.  The costs came within the terms of the judgment of the court.  The clerk had no discretion in the matter.  The judgment will have to be affirmed.  All the judges concur.