**Weldon W. PERRY, Jr., and J. Armin Rust, Respondents,**

v.

**Deana AVERSMAN, Circuit Clerk, Appellant.**

**No. WD 63991.**

Missouri Court of Appeals, Western District.

April 26, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 2005.

Application for Transfer Denied Aug. 30, 2005.

---

Terrence M. Messonnier, Lexington, MO, for appellant.

Weldon W. Perry, Jr., Lexington, pro se.

James A. Rust, Richmond, pro se.

Before LOWENSTEIN, P.J., SMART, J., and EDWIN H. SMITH, C.J.

HAROLD L. LOWENSTEIN, Judge.

This is an appeal from a court-tried case dealing with the disposition of cash deposited for a bail bond pursuant to the Fifteenth Circuit Court's Local Rule 67.1.4. The underlying issue is whether court costs and fines may be deducted from a pre-trial bail bond filed under Rule 33.01(d)(5).[1]

STATEMENT OF FACTS

The parties have stipulated to the following facts. Three defendants charged with criminal offenses in Lafayette County (Saline and Lafayette County comprise the Fifteenth Circuit) posted ten-percent cash bonds for pre-trial release pursuant to Rule 33.01(d)(5).[2] The bonds required them to "attend all court hearings" and "to submit to any ... judgments" of the court.[3] Each defendant assigned their respective interest in the bonds to their at-

---

1. At the outset, this court notes that this case neither involves a bond forfeiture pursuant to Rule 33.14, nor does it involve remedies available for violation of bond conditions while the defendant is on probation.

2. Supreme Court Rule 33.01(d)(5) states:
   (d) The court shall in cases release the accused upon his written promise to appear, unless the court determines that such release will not reasonably assure the appearance of the accused. If the court so determines it shall impose on or more of the following conditions for his release which will reasonably assure such appearance:
   . . .
   (5) Require the execution of a bond in a stated amount and the deposit in the registry of the court of ten percent, or such lesser sum as the court directs, of such sum in case or negotiable bonds of the United States or the State of Missouri or any political subdivision thereof.

3. Lafayette County's bond reads:
   I/We as principal/sureties agree to pay the State of Missouri the sum of $ _____ unless the defendant abides by the conditions as set out below.
   BOND CONDITIONS AND CONSEQUENCES FOR FAILURE TO MEET CONDITIONS:
   Having been (charged with/convicted of) the criminal offense(s) shown above, the defendant (or his surety) has posted this bond in order to be released from the sheriff's custody.
   THE DEFENDANT IS REQUIRED TO:
   1. Attend all court hearings as set by this court or any court to which this case is transferred or appealed.
   2. Submit to any orders, judgments and sentences of this court or any court hearing this case.
   3. Inform the court of any change of address.
   4. OTHER CONDITIONS:
      a. Defendant shall not tamper with a witness or victim nor allow another person on his behalf to tamper with a witness or victim as described on the reverse of this form.
   If the defendant follows the above conditions, he will be released from this bond and any cash or securities deposited will be returned to the defendant or his assignee after the original receipt is presented to the clerk.
   THE DEFENDANT UNDERSTANDS that the consequences for failure to follow any of the above conditions are:
   1. Forfeit any cash or securities deposited with the court.
   2. The court has the authority to sell the defendant's property to collect the full amount of the bond.
   3. If the defendant fails to abide by condition 1, a warrant will be issued for his arrest and in addition to the above charges, a charge of failure to appear may be filed.

torneys, the respondents, Weldon Perry and Armin Rust. All three defendants later pled guilty and were placed on probation, with one of them ordered to pay a fine. Although the respondents made a demand for the release of the entire bond amount based on the assignments, the appellant, the Fifteenth Judicial Circuit Clerk, Deana Aversman, relying on Local Rule 67.1.4, denied the request. Instead, the appellant sought to deduct the unpaid court costs and the fine from the ten-percent cash bond.

The respondents subsequently filed a two-count petition seeking mandamus for the release of the entire bond amount and a declaration that the local rule was invalid. The trial court ruled in favor of the respondents on each count, stating that the local rule was "contrary to the letter and spirit of Rule 33.01(d)(5) and Rule 33.15" in cases where the defendant has appeared, entered a plea, and has been placed on probation. The judgment required the entire bond deposit be disbursed to the respondents and declared Local Rule 67.1.4 void and unenforceable.

## ANALYSIS

■ Appellants claim that the trial court erred in invalidating Local Rule 67.1.4 because there was no express prohibition on the rule's adoption. The Missouri Constitution authorizes circuit courts to adopt local rules, so long as they are consistent with the rules of the Missouri

Supreme Court. Mo. CONST. art. V, § 15.1. A local rule is inconsistent if it specifically prohibits something the Supreme Court Rules permit, or vice versa. *State ex rel. State of Missouri v. Riley*, 992 S.W.2d 195, 196 (Mo. banc 1999).

■ Here, the trial court found that Local Rule 67.1.4 was contrary to Supreme Court Rules 33.01(d)(5) and 33.15. The local rule specifically allows the clerk to retain funds called for in the criminal judgment.[4] Local Rule 67.1.4 provides:

> The clerk shall not refund monies posted as bond other than upon tender of the bond receipt or order of the court. If the bond receipt is in the defendant's name, the clerk shall first deduct and retain all unpaid fines and costs, after which the clerk shall refund any balance to either the defendant or the defendant's designated payee. All bonds shall be retained until all fines and cost[s] have been paid.

By contrast, Rule 33.01 does not specifically address the retention of bond funds to pay costs and fines. Rule 33.01 covers the various conditions that are required or may be imposed for the pre-trial release of defendants charged with bailable offenses. In subsection (c), this rule states that the defendant "will submit to the orders, judgment and sentence" of the court as a condition for pre-trial release. Subsection (f) states that the court releasing the person must enter an order "stating the condi-

---

4. The Supreme Court's Operating Rule 6 for local rules does not contain any provision in Section 67.1 for a model local rule pertaining to use of retained funds from a pre-trial cash bond to pay costs and fines. A review of local rules of circuits in this court's district reveals that several courts do have a rule similar to the Fifteenth Circuit's Rule 67.1.4. The Thirteenth Circuit (Boone and Callaway Counties), for example, by Rule 67.1.3 provides that where a cash bond is posted, and the receipt is assigned, costs and fines will be deducted before the money is delivered to the assignee. A form for this assignment is located in Vol. III Missouri Court Rules 442 (2004), and is made a part of the appendix to this opinion. Jackson County (Sixteenth Circuit) requires the person posting a cash bond to sign an acknowledgment with language similar Boone and Callaway's that advises the person that if the defendant is found guilty the bond money will be used to pay for certain matters including fines and costs.

tions imposed," and so inform the person of the conditions and all "penalties applicable to violations." Similarly, Rule 33.15 does not address bond retention, in that it provides, "When the conditions of the bond have been satisfied, the court shall release the obligors."[5] Consequently, the Supreme Court Rules have not specifically prohibited the local rule here.

The respondents counter that the only function of a pre-release cash bond is to reasonably ensure the defendant's court appearance. They further argue that after the plea is accepted and the judgment and sentence entered, the purpose has been fulfilled.

■ A cash bail bond is defined as a sum of money posted by the defendant or another person "upon condition that such money will be forfeited if the defendant does not comply with the directions of a court requiring his attendance at the criminal action or proceeding involved and does not otherwise render himself amenable to the orders and processes of the court." BLACK'S LAW DICTIONARY 142 (6th ed.1990). It would be safe to say that the common understanding of defendants or persons posting a cash deposit bail bond is that appearance of the defendant is the primary objective of posting the bond, and the money on deposit will be returned if the defendant appears at all times. What is not so clear is that the rule allows conditions to be contained in the bond that require the defendant to comply with orders of the court, which can include fines and court costs.

The ultimate question is not what the posted money is intended to be used for upon its return, but whether the person posting the money is given adequate notice that fines and costs may be deducted before the deposit is returned. Rule 33.01(f) ("The court shall inform such person of the conditions imposed and of the penalties applicable to violations of the conditions of his release and shall advise him that a warrant for his arrest will be issued immediately upon any such violation.").

In this case, the people posting the bond money for defendants' pre-trial release were not made sufficiently aware of the potential deductions from the bail amount if the costs and fines were not paid by the defendant. (The same could be said had the defendant posted the amount of the bond).

■ Although case law and tradition indicate the primary purpose and condition of bail bonds and cash bail bonds is to reasonably assure the presence of the accused in court until the final disposition of the case,[6] the trial court may impose addi-

5. Supreme Court Rule 33.15 states:

When the conditions of the bond have been satisfied the court shall release the obligors. When a forfeiture of the bond is set aside the court may release the obligors. Any surety may be released upon depositing cash in the amount of the bond or by a timely surrender of the defendant.

6. The following show a chronological progression of the law in this area. As may be noted, the emphasis on securing the court appearance of the defendant is the most significant condition of his or her pre-release bond. See, e.g., State v. Hinojosa, 364 Mo. 1039, 271 S.W.2d 522, 524 (1954) (stating, that where defendant did not appear at trial and surety attempted to find him, recognizance was not accepted to enrich the treasury, but to instead enforce the criminal laws that the defendant appear for trial and sentence); Ex parte Chandler, 297 S.W.2d 616–17 (Mo.App.1957) (holding purpose of bail was not to punish defendant ahead of trial but to encourage appearance); State v. Batson, 765 S.W.2d 676, 677(Mo.App.1989) (holding that a surety on pre-trial bail bond was not liable when defendant did not appear for probation violation hearing); State v. Echols, 850 S.W.2d 344, 345–46 (Mo. banc 1993) (Grandfather and uncle posted full $100,000 in Jackson County for defendant. Stamped on back

tional conditions before releasing the defendant on bond, such as for subsequent payment of costs and fines. However, if the trial court wishes to do so, specific language to that effect must be made a part of the conditions of the pre-release bond or, at a minimum, an acknowledgment thereof made by the defendant, or person posting the cash deposit. Here, the procedures employed by Lafayette County do not provide sufficient notice to people who post the bail amount.

■ To be enforceable for the purpose of retaining all or a portion of deposited funds on a cash bail bond, the clerk of the circuit court must outline in the receipt given to the depositor that delineated unpaid costs, fines, and expenses may be deducted before a refund will be made. Although an argument can be made that such notice of what items can be deducted for reason of nonpayment by the defendant must be in the bond itself, substantial compliance may be had for implementation of a local rule similar to the one at bar by notice in the bond receipt or by written acknowledgment in an approved bond assignment.

Lafayette and Saline County's, or any county having such a local rule may be

accompanied by either a receipt or signed acknowledgment of the payor that if the defendant is found guilty, unpaid costs and fines may be paid from the sum. In the alternative, counties could use an assignment ensuring that the defendant understands and agrees items ordered by the judge (e.g., fines and court costs) may be deducted from the bond before any money is delivered to an assignee. The better practice for all circuits wishing to implement a local rule similar to the one in the case at bar would be to also include such a notice as a special condition in the bond itself.

This court affirms the portion of the judgment that requires a full refund of deposited funds be made to the respondents. The portion of the judgment declaring Local Rule 67.1.4 void is reversed. As outlined above, the local rule may be enforced when the depositor on a cash or ten-percent bond is so notified about unpaid costs or fines, in language contained as a condition of the bond, or who executes a receipt that spells out why a full refund may not be had.

All concur.

of pretrial release bond signed by defendant was an assignment and notice that money deposited was considered by court as belonging to defendant, and language that costs, fines and "various other fees," would be deducted before any money was refunded. An acknowledgment signed by the grandfather stated he had read and understood that costs and fees could be deducted. Defendant failed to appear after jury verdict. Court stated(ing) that the law is clear that a difference exists between a cash bond and a surety bond, but that while the depositor of a cash bond is not obligated to produce the defendant at trial, the money deposited is considered property of the defendant is in the nature of insurance

and is used when there is nonappearance.); *State v. Riley*, 992 S.W.2d 195, 196 (Mo. banc 1999) (permitting circuit to establish local rules that were not inconsistent with and did not conflict with Supreme Court rules or the statutes, explaining that local rules may establish "additional requirements ... not unreasonable ... nor unnecessarily burdensome"); *Holleran v. Holleran*, 998 S.W.2d 99, 104–05 (Mo.App.1999) (reiterating the principle that money deposited for a cash bail bond is deemed defendant's property and once defendant has appeared and the criminal action is complete, depositor has superior right to cash).

## ATTACHMENT 8. BOND ASSIGNMENT

STATE OF MISSOURI )
)                ss.
COUNTY OF _____ )

### BOND ASSIGNMENT

My name is

_____

I reside at

_____

I hereby assign to

_____
(print name of assignee)

all my rights, title and interest in a cash bond posted with the circuit court of

☐ Boone County  ☐ Callaway County

on the _____ day of _____, 20 _____ for release pending trial on the charge(s) of
_____.

The cash bond is in the amount of $_____; a copy of the receipt for the cash bond posted is attached hereto.  It is therefore my request that the custodian of the cash bond deliver same to _____ and I hereby
(print name of assignee)

release the custodian of the cash bond from all liability.  Furthermore, I understand that if I am found guilty of the charge(s) noted above, all assessments against me, including finds, court costs, restitution and any other related fees ordered by the judge, may be deducted from the case bond before any money is delivered to the assignee.

_____
(Defendant print name)

_____
(Defendant's signature)

i