

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,            )
                              )
    Plaintiff-Respondent,    )
                              )
v.                            )    No. SD35501
                              )    Filed: April 1, 2019
LEANN BANDERMAN,              )
                              )
    Defendant-Appellant.     )

### APPEAL FROM THE CIRCUIT COURT OF DENT COUNTY

Honorable Brandi L. Baird, Associate Circuit Judge

### <u>REVERSED AND REMANDED WITH INSTRUCTIONS</u>

Leann Banderman (Banderman) had two separate jail board bills taxed as court costs in her criminal case. She appeals from the denial of her motion to retax costs. Because there is no statutory authority to treat jail board bills as court costs, the trial court's ruling is reversed, and the cause is remanded with instructions.

### Factual and Procedural Background

In January 2016, Banderman was charged by information with misdemeanor stealing. In September 2016, a $3,000 surety bond was posted. In November 2016, Banderman pled guilty to misdemeanor stealing and was sentenced to serve 30 days in the county jail. She received credit for 30 days already served. The judgment ordered

Banderman to pay all court costs by February 2, 2017. Thereafter, the circuit clerk prepared a fee report that taxed $118.50 in statutory costs and $1,400 for a jail board bill that Banderman incurred as the result of her 30-day jail sentence.

As of February 2, 2017, Banderman had not paid the assessed court costs in the amount of $1,518.50. A failure-to-appear warrant was issued. That warrant was served in March 2017.

On May 10, 2017, Banderman posted a 10% cash $2,000 bond in her name only and deposited $200 with the trial court. After listing a number of bond conditions, the bond form stated:

> If the above conditions are followed, the defendant will be released from this bond and any cash or securities deposited will be returned to the defendant or the assignee, **less any fines, court costs, restitution and various other fees which will be deducted from the cash bond before any money will be refunded.**

(Bold emphasis in original.) On May 11, she signed a "Release of Bond" form, which released the bond for payment of her court costs and board bill.

On October 19, 2017, a payment-review hearing was held, and another failure-to-appear warrant was issued. This warrant set bond at $5,000 (cash only) and stated that Banderman could pay the outstanding balance of costs in the amount of $3,478.50 in lieu of court appearance. Another payment-review hearing was held on December 14, 2017. After Banderman's bond was modified, she posted a 10% cash $5,000 bond in her name only and deposited $500 with the court. This bond form contained the same language, quoted above, concerning various fees that could be deducted before any money would be refunded.

In March 2018, Banderman's counsel filed a motion to retax costs. The motion asked the trial court to reduce court costs by $3,560 because there was no statute authorizing a jail board bill to be taxed as costs. Banderman requested a refund of $581.50 because she had

2

deposited $700 with the trial court, but only $118.50 in statutory costs were assessed against her.

On April 26, 2018, the trial court held a hearing on the motion to retax costs. The court denied the motion and ordered the $500 bond money deposited with the court in December 2017 be applied toward the unpaid, assessed court costs. Banderman filed her notice of appeal the next day.

**Discussion and Decision**

Banderman presents three points on appeal, which collectively challenge the assessment of the two jail board bills as court costs in her criminal case. We can address all of those challenges together because the outcome of this appeal is dictated by our Supreme Court's decision in *State v. Richey*, --- S.W.3d ----, 2019 WL 1247089 (Mo. banc Mar. 19, 2019).

*Appellate Jurisdiction*

An appellate court has an obligation, acting *sua sponte* if necessary, to determine its authority to hear the appeals that come before it. *State v. Geist*, 556 S.W.3d 117, 123 (Mo. App. 2018). Banderman's motion to retax costs was filed long after the judgment in her criminal case became final for purposes of appeal. She seeks to challenge the denial of her court costs motion by direct appeal.

The procedure followed by Banderman is the same one utilized by both appellants in *Richey*. There, appellant Richey and appellant Wright each filed a motion to retax costs in their criminal cases long after the underlying judgments had become final for purposes of appeal. *Richey*, --- S.W.3d ----, 2019 WL 1247089 at *2-*4. Each motion was overruled and challenged via the filing of a notice of appeal. *Id*. at *3-*4. Our Supreme Court reached the merits in each of these direct appeals, notwithstanding the case law cited in the

3

concurring opinion and without expressing its rationale for doing so. That said, footnote 2 of the *Richey* opinion states:

> Richey and Wright may challenge the taxation of board bills as court costs without affecting the finality of their judgments. "Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court in which the action or proceeding was had[.]" Section 514.270. *See also Herson v. Chicago & A.R. Co.*, 18 Mo. App. 439, 443 (Mo. App. 1885) (Appeal following final judgment and taxation of costs after judgment was proper).

*Id*. at *2 n.2. Given all the circumstances, we interpret this footnote to mean: (1) a defendant in a criminal case can challenge the taxation of costs via a post-judgment motion; and (2) if the motion is overruled, the defendant can obtain appellate review of that adverse ruling by direct appeal. Therefore, we proceed to the merits of Banderman's appeal.

*Jail Board Bills Cannot Be Taxed as Court Costs*

We agree with Banderman that neither of her jail board bills could be taxed as court costs in her criminal case. As our Supreme Court explained in *Richey*, there is no right to, or liability for, costs in the absence of statutory authorization. *Id*. at *2. After reviewing the relevant statutes, our Supreme Court was unable to find any that expressly authorized the taxation of jail board bills as court costs. *Id*. at *3. Therefore, the trial court erred in denying Banderman's motion to retax costs to remove both jail bills from the clerk's fee report.

*Banderman Is Not Entitled to a Refund*

Banderman argues that she is entitled to a refund of $581.50 because her bond money was improperly applied to the payment of her jail board bills. We disagree. In *Richey*, our Supreme Court analyzed the issue this way:

> Richey and Wright seek refunds for the amounts they have paid on their board bills to their respective circuit courts. But neither party argues he is not legally responsible for paying the costs of his incarceration under section 221.070. Instead, they argue that the circuit court's method of charging and collecting the costs was unlawful. Because the appellants still owe the balance of that board bill at this point, they are not entitled to a refund.

4

*Id*. at *4. We reach the same conclusion here. Pursuant to § 221.070.1, Banderman is legally responsible for the $1,400 cost of the underlying lawful confinement in the county jail for 30 days pursuant to the sentence in her criminal case. *Richey*, --- S.W.3d ----, 2019 WL 1247089, at *3.[1] Based upon the circuit clerk's fee report, it appears that $500 of Banderman's bond money was applied toward her $1,400 jail board bill. Although the trial court's method of charging and collecting the money may have been unlawful, Banderman is not entitled to a refund because she still owes the balance of the sentence-based jail board bill. *See id*. at *4.[2]

The second jail board bill, however, only arose because Banderman was delinquent in paying the first board bill. "While persons are legally responsible for the costs of their board bills under section 221.070, if such responsibilities fall delinquent, the debts cannot be taxed as court costs and the failure to pay that debt cannot result in another incarceration." *Richey*, --- S.W.3d ----, 2019 WL 1247089, at *4. In *Richey*, appellant Richey was incarcerated for 65 days for failure to pay his earlier jail board bill, and such incarceration should not have occurred. *Id*. Our Supreme Court granted Richey the following relief: "[t]he circuit court is ordered to remove the $2,275 charge from Richey's liabilities on the clerk's fee report and apply any funds Richey has paid towards that debt to the jail debt

---

[1] All statutory references are to RSMo (2016).

[2] Banderman's reliance on *Perry v. Aversman*, 168 S.W.3d 541 (Mo. App. 2005), is misplaced. There, the *Perry* Court held that unpaid court costs and fines could not be deducted from pre-trial bonds, in accordance with a local rule, because persons posting bond money were not given adequate notice that fines and costs could be deducted before the deposit was returned. *Id*. at 545. Here, such notice was included in each of Banderman's 10% cash bonds. In particular, she was given notice that "various other fees" besides court costs and fines could be deducted from her deposits. Moreover, with respect to the 10% cash $2,000 bond, she signed a bond release form that specifically mentioned the board bill as one of the outstanding charges.

5

incurred during his underlying *lawful* incarceration. *See* section 514.270." ***Id***. (italics in original). Therefore, Banderman's second, debt-based jail board bill should not have been included in her liabilities on the circuit clerk's fee report. According to that report, $118.50 of Banderman's bond money was applied to pay the statutory court costs, and $81.50 was applied toward Banderman's debt-based jail board bill. The latter sum should have been applied toward payment of Banderman's $1,400 jail board bill resulting from her underlying, sentence-based incarceration. ***Id***.

*Conclusion*

The trial court ruling on the motion to retax costs is reversed. On remand, the trial court is instructed to: (1) retax costs pursuant to § 514.270 by removing both jail board bills from the circuit clerk's fee report; and (2) reduce Banderman's debt on the $1,400 jail board bill by an additional $81.50.

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

DANIEL E. SCOTT, J. – CONCURS IN RESULT IN SEPARATE OPINION



# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,                )
                                  )
    Plaintiff-Respondent,        )
                                  )
v.                                )    No. SD35501
                                  )
LEANN BANDERMAN,                  )
                                  )
    Defendant-Appellant.         )

## OPINION CONCURRING IN RESULT

I would reach the same result by a different procedural route. I would treat Banderman's notice of appeal as a writ application in recognition of these longstanding staples of Missouri law:

- "There is no right to an appeal without statutory authority." **State v. Sturdevant**, 143 S.W.3d 638, 638 (Mo.App. 2004).

- In criminal cases, appeal lies only from a final judgment, § 547.070, which occurs "only when sentence is entered." **State v. Famous**, 415 S.W.3d 759, 759 (Mo.App. 2013).

- "Orders entered in criminal cases after the judgment has become final which deny motions requesting various types of relief are not appealable." **State v. Payne**, 403 S.W.3d 606, 607 (Mo.App. 2011)(collecting cases).

*See also* **State v. McCauley**, 496 S.W.3d 593, 594 (Mo.App. 2016), which further notes the "differences in scope between criminal and civil appeals" (**id**.), and "broader statutory authority for civil appeals." **Id**. at 595.

To be specific, criminal appeal per § 547.070 "is *only* from a final judgment rendered upon indictment or information." **Id**. "Nearly all rulings after the

judgment and sentence are *non*-appealable." *Id*. (citing *Famous*, 415 S.W.3d at 759 (petition for probation-time credit); *Payne*, 403 S.W.3d at 607 (motion to vacate conviction, alleging actual innocence); *State v. Vaughn*, 391 S.W.3d 487, 487 (Mo.App. 2013)(order granting § 559.115 probation); *State v. Ferrell,* 317 S.W.3d 688, 689 (Mo.App. 2010)(order denying § 559.115 probation); *State v. Goodloe,* 285 S.W.3d 769, 769-70 (Mo.App. 2009)(order denying jail-time credit); *State v. Mahurin,* 207 S.W.3d 662, 662-63 (Mo.App. 2006)(order denying § 217.362 probation release); *State v. Smith,* 204 S.W.3d 697, 697-98 (Mo.App. 2006)(order denying motion for hearing *de novo*); *State v. Decker*, 194 S.W.3d 879, 881 (Mo.App. 2006)(request to credit house-arrest time against sentence); *Pair v. State,* 174 S.W.3d 10, 11 (Mo.App. 2005)(motion for release on house arrest); *Sturdevant*, 143 S.W.3d at 638-39 (motion for early release per § 558.016.8); *Vernor v. State,* 30 S.W.3d 196, 197 (Mo.App. 2000)(order denying Rule 29.12(b) motion); *State v. Stout,* 960 S.W.2d 535, 536 (Mo.App. 1998)(denial of § 558.046 request for sentence reduction)).

By contrast, § 512.020 allows civil appeal in more situations, including from "any special order after final judgment in the cause." § 512.020(5).

*McCauley* describes this as "an inconsistency born of statute that we cannot 'fix.'" 496 S.W.3d at 596 n.4. Our Supreme Court's work-around to avoid delay in addressing important issues has been to treat defective appeals as writ petitions. *See, e.g.*, *State v. Saffaf*, 81 S.W.3d 526, 528 (Mo. banc 2002); *State v. Larson*, 79 S.W.3d 891, 892, 893-94 (Mo. banc 2002). Each appellate district likewise recognizes writs as sufficient bases for relief in such situations. *See, e.g.*, *State v. Nelson*, 505 S.W.3d 869, 872 (Mo.App. W.D. 2016); *McCauley*, 496 S.W.3d at 596 (S.D.); *Decker*, 194 S.W.3d at 881 (E.D.).

*Richey*[1] dictates our <u>result</u> without addressing this procedural impediment. We cannot assume *Richey* overruled controlling law *sub silentio* when our Supreme Court presumes the opposite. *See, e.g.*, *State v. Honeycutt*, 421 S.W.3d 410, 422-23 (Mo. banc 2013).

---

[1] *State v. Richey*, No. SC97604, decided together with *State v. Wright*, No. SC97630 (Mo. banc March 19, 2019). I refer to the combined opinion as *Richey*.

*Richey* does say "Richey and Wright may challenge the taxation of board bills as court costs without affecting the finality of their judgments" (slip op. 4 at n.2), which seems comparable to every case cited above. Those parties likewise were entitled to seek various trial-court relief. Doing so did not affect the finality of their criminal judgments either. Still, they could not appeal. Not one.

The only thing that gives me pause is *Richey*'s "see also" footnote 2 cite to *Herson v. Chicago & A.R. Co.*, 18 Mo. App. 439, 443 (1885), a civil appeal after final judgment from the denial of a motion to retax court costs. *Greeley v. Missouri Pac. Ry*., 27 S.W. 613, 614-15 (Mo. 1894), although not cited by *Richey*, states that civil appeal's broader scope began post-*Herson* in 1891, with earlier appeals of all types apparently limited only to final judgments. *See id*. at 614 (citing statutes back to 1818).

If all appeal rights were comparably narrow in 1885, perhaps *Herson* and *stare decisis* can justify a limited carve-out to appeal criminal court costs. Either way, I respectfully urge our Supreme Court to explicitly address these issues given cited statutory and case-law limitations and cases like *State v. Cunningham*, 195 S.W. 54 (Mo.App. 1917), that dismissed appeals regarding retaxation of criminal court costs. *State v. Tidwell*, No. SC97691, transferred while *Richey* was pending, offers a timely opportunity to do so.

Given *Tidwell*'s pendency, I anticipate guidance soon. In the interim, I would treat this and similar "appeals" as writ applications, and would reverse and remand this case per *Richey*. Thus, I concur in the principal opinion's result.

DANIEL E. SCOTT, J. – SEPARATE OPINION AUTHOR

3