

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| Respondent, | ) | WD82663 |
| v. | ) | |
| | ) | |
| THOMAS J. SAVAGE, | ) | FILED: November 12, 2019 |
| Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY
### THE HONORABLE JANET L. SUTTON, JUDGE

### BEFORE DIVISION FOUR: KAREN KING MITCHELL, CHIEF JUDGE, PRESIDING,
### LISA WHITE HARDWICK AND THOMAS N. CHAPMAN, JUDGES

Thomas Savage appeals from the circuit court's denial of his motion to retax costs to the State. Savage contends the court erroneously denied his motion because: (1) after originally ordering him to pay costs, the court made a subsequent finding that he was insolvent; and (2) he should not have been taxed any costs as an indigent person represented by the Public Defender's Office. For reasons explained herein, we find no error and affirm the judgment denying the motion to retax costs.

### FACTUAL AND PROCEDURAL HISTORY

After a jury trial, Savage was convicted and sentenced to six years imprisonment for second-degree burglary and 180-days for misdemeanor stealing. At the sentencing hearing on November 30, 2018, Savage argued that costs should not be taxed against him as a "clearly indigent" person who was represented by the Public Defender's Office

and lacked a high school diploma or current employment. The court stated the objection was "duly noted" before taxing costs against Savage in the amount of $371.50 ("original costs").[1]  The court, however, granted Savage's motion to appeal in forma pauperis.[2]

Nearly three months later, on February 20, 2019, the circuit court certified a bill of costs to the Department of Corrections ("DOC"), which included a $6.00 "Felony Clerk Fee," a $75.00 "Sheriff's Fee," and a $6,629.68 board bill for the period of time Savage was detained in the Clay County Jail.  Savage thereupon filed a motion to retax the original costs to the State, alleging that the circuit court, in certifying the bill of costs to the DOC, necessarily determined that he was insolvent and unable to pay court costs. Savage argued that the court was required to correct its previous judgment assessing costs against him.

The circuit court denied Savage's motion to retax costs and stated during the hearing on the motion that it was doing so because "finding [Savage] insolvent for paying $6,000 in a board bill is entirely different than [the court] find[ing] him indigent for purposes of assessing $300 in court costs. . . . There's a huge distinction in finding somebody indigent based on the difference in what [the court is] assessing against him."  Savage appeals the denial of his motion to retax costs.

---

[1] The $371.50 in court costs were assessed as follows:

> (1) CVC-$46 Other: 46.00
> (2) LET-County: $2.00
> (3) Dom Viol-Crim/County Ordinance: $2.00
> (4) Inmate Pris Detainee Security: $2.00
> (5) Felony Costs w/SRF: $279.50
> (6) Court Reporter: $15.00
> (7) Time Payment Fee: $25.00

These court costs were authorized by statute. *See State v. Richey*, 569 S.W.3d 420, 424 n.7 (Mo. banc 2019).

[2] Savage's direct appeal of his criminal convictions is now pending in a separate case filing in our court.

2

## STANDARD OF REVIEW

"Statutory interpretation is an issue of law that [appellate courts] review[] *de novo.*" *State v. Richey*, 569 S.W.3d 420, 423 (Mo. banc 2019). "When interpreting a statute, the primary goal is to give effect to legislative intent as reflected in the plain language of the statute." *State v. Moore*, 303 S.W.3d 515, 520 (Mo. banc 2010).

## ANALYSIS

Savage's points on appeal assert that the circuit court erred in denying his motion to retax costs to the State. In Point I, Savage contends the court should have reassessed the original costs against the State in light of its later determination that Savage was insolvent for purposes of the board bill and other costs. In Point II, Savage argues that he should not have been taxed any costs as an indigent person represented by a legal aid society or legal services organization. As both of Savage's points fail for the same reason, we will address them together.

"[C]ourts have no inherent power to award costs," as they are creatures of statute, "which can only be granted by virtue of express statutory authority." *State ex rel. Merrell v. Carter*, 518 S.W.3d 798, 800 (Mo. banc 2017) (citation and quotations omitted). "Express statutory authority must be clear, definite, and unambiguous." *Richey*, 569 S.W.3d at 423 (footnote omitted). Indeed, "[t]here is no power to tax costs 'unless a finger can be put upon a statute permitting it.'" *Id.* (quoting *Jacoby v. Mo. Valley Drainage Dist.*, 163 S.W.2d 930, 931 (Mo. banc 1942)). We, therefore, strictly construe the statutes authorizing the taxation of costs. *Gene Kauffman Scholarship Found., Inc. v. Payne*, 183 S.W.3d 620, 627 (Mo. App. 2006).

3

In the normal course, a defendant "convicted of any crime or misdemeanor [ ] shall be adjudged to pay the costs, and no costs incurred on his part, except fees for the cost of incarceration, including a reasonable sum to cover occupancy costs, shall be paid by the state or county." § 550.010, RSMo 2016.[3] The General Assembly, however, codified an exception to this rule in Section 550.020, which states, in pertinent part, "in all cases in which the defendant shall be sentenced to imprisonment in the penitentiary . . . the state shall pay the costs, if the defendant shall be unable to pay them, except costs incurred on behalf of defendant." Section 514.270 provides a mechanism by which persons aggrieved by the taxing of costs may have such costs retaxed:

> Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court in which the action or proceeding was had, and in such retaxation all errors shall be corrected by the court; and if the party aggrieved shall have paid any unlawful charge, by reason of the first taxation, the clerk shall pay the costs of retaxation, and also to the party aggrieved the amount which he may have paid by reason of the allowing of such unlawful charge.

In its recent decision in *Richey*, the Supreme Court of Missouri cited Section 514.270 as support for the proposition that defendants "may challenge the taxation of board bills as court costs without affecting the finality of their judgments." 569 S.W.3d at 423 n.2. In an explanatory parenthetical following a citation to *Herson v. Chicago & A.R. Co.*, 18 Mo. App 439, 443 (Mo. App. 1885), contained in the same footnote, the Court stated that an appeal could be sustained following an adverse ruling to such taxation challenges. *See id.* Savage contends that this explanatory parenthetical

---

[3] All statutory references are to the Revised Statutes of Missouri 2016.

4

grants him the right to challenge both the amount *and inter-party allocation* of any court cost through the use of a post-judgment motion and, if that motion is denied, to file an appeal unencumbered by other statutory provisions or the rules of appellate procedure. We disagree.

"[O]nce judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. The trial court can take no further action in that case *except when otherwise expressly provided by statute or rule*." S*tate v. Joordens*, 347 S.W.3d 98, 100 (Mo. App. 2011) (quoting *Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993)). While *Richey* recognized that, pursuant to Section 514.270, the circuit court had the authority to entertain a motion to retax *certain costs* after final judgment and that an appeal could properly be undertaken from a ruling adverse to a party, it did not grant defendants an unfettered right to challenge the court's determination about *which party is liable* for court costs at any time.

For at least 133 years, Missouri courts have recognized the principle that a circuit court's determination as to which party should be taxed costs is part of the judgment itself. *Mann v. Warner*, 22 Mo. App. 577, 579-80 (Mo. App. 1886); *see also Bosley v. Parle*, 35 Mo. App. 232, 236 (Mo. App. 1889); *Beecham v. Evans*, 117 S.W. 1190, 1191 (Mo. App 1909). And, while courts have acknowledged that an appeal could be sustained from a motion to retax costs, they have also indicated that this principle "applies only where the duty of taxing the costs in the first instance devolves on the clerk." *Bosley*, 35 Mo. App. at 236. The retaxation of costs "is generally a ministerial duty performed by [the clerk] after the entry of the final judgment; and for the purpose of giving the parties an opportunity to object to any error or mistake of the clerk in the

5

taxation of costs, the law permits the motion to retax to be filed at any time." *Id.*

Consequently, it was understood that a motion to retax would not lie "where the costs complained of have been directly adjudicated by the order and judgment of the court." *Id.*

This understanding formed the basis for the Missouri Supreme Court's discussion in *Aetna Ins. Co. v. O'Malley,* 118 S.W.2d 3, 11 (Mo. banc 1938), regarding the manner in which obligations in the taxation of costs were allocated between the circuit court and the clerk of the court:

> Where the costs are definite and fixed by statute, the clerk in the first instance is by law required to tax the costs of the case, which of course is purely a ministerial duty, and, when the court is requested to review the clerk's action in that regard, it is exercising a similar duty, simply correcting errors made by the clerk in trying to obey the statutes; but not so in regard to the taxation of costs, which requires judicial investigation and determination. In such a case, the clerk has no authority whatever to act, except as ordered by the court; in that case *the court alone can order the costs taxed or retaxed, which must be done upon judicial investigation and determination, and must be done during the term of the court at which the final judgment in the cause is rendered, for it is elementary that with the lapse of the term at which the final judgment is rendered the jurisdiction of the court over the cause ceases*.

(emphasis added).

While terms of court have been abolished since *Aetna*, the general principle that the allocation of costs, *i.e.*, which party is liable for costs, can only be challenged while the court retains jurisdiction over the cause has not been questioned. *See Quality Bus. Accessories, Inc. v. Nat'l Bus. Prods., Inc.*, 880 S.W.2d 333, 335 (Mo. App 1994) (continuing to apply *Aetna* formulation of ministerial and discretionary powers in the taxation of costs). Thus, *Richey's* brief mention of appealability merely recognized that

6

an adverse ruling from a motion to retax costs asserting errors in *the amount assessed by the clerk* presents a cognizable claim, *see* 569 S.W.3d at 423 n.2, which exists outside the generally applicable maxim that "[n]early all such rulings in criminal cases denying motions requesting various types of relief after the judgment and sentence are *not* appealable." *State v. Goldsby*, 579 S.W.3d 242, 244 (Mo. App. 2019) (citation and quotations omitted). It is the necessary corollary, then, that a party seeking to shift the costs from itself to the untaxed party must do so on direct appeal of the final judgment because the alleged error affects the finality of that judgment.[4] *See Bush v. Norman*, 226 S.W. 1028, 1029 (Mo. App. 1920); *see also Aetna*, 118 S.W.2d at 11; *Bosley*, 35 Mo. App. at 236.

Savage cites the decision of the Southern District of this court in *State v. Banderman*, 570 S.W.3d 670, 672 (Mo. App. 2019), as support for his expansive interpretation of Section 514.270. In *Banderman*, the court interpreted the text of *Richey's* second footnote "to mean: (1) a defendant in a criminal case can challenge the taxation of costs via a post-judgment motion; and (2) if the motion is overruled, the defendant can obtain appellate review of that adverse ruling by direct appeal." *Id.* This interpretation, however, is not inconsistent with our discussion *supra*, as the *Banderman* court was not asked to retax costs to the State; instead, the court was tasked only with determining whether, following the decision in *Richey*, Missouri statutes allow the clerk to tax board bills *attributable to the defendant* as court costs. *Id.* at 671-73. That question simply concerns the parameters of the circuit court and clerk's statutory

---

[4] The circumstances of Savage's appeal presents a unique procedural posture, in that it "leapfrogged" his direct appeal of the court's judgment of conviction. His direct appeal is in the briefing stage and has not been scheduled for argument or submission.

authority to tax jail board bills as costs.  *Richey*, 569 S.W.3d at 423-426.  Nothing in *Richey* or *Banderman* expresses support for Savage's new contention that he should be able to challenge the circuit court's inter-party allocation of costs in a post-judgment motion to retax costs.

At sentencing, Savage argued that costs should not be taxed against him due to his indigent status as a person represented by the Public Defender's office.  The circuit court acknowledged the objection before entering a final judgment of conviction that taxed costs against Savage.  The court also granted Savage's motion to appeal in forma pauperis, wherein he could challenge the conviction and the allocation of costs against him.  The allocation decision was part of the final judgment subject to appeal, but any subsequent determination as to the amount and types of costs to be assessed could be challenged in a motion to retax costs.  Accordingly, we find no error in the circuit court's denial of Savage's motion to retax costs *against the State* because it was an improper effort to revisit the allocation directly adjudicated by the final judgment of conviction.

## CONCLUSION

We affirm the judgment denying Savage's motion to retax costs to the State.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

8