STATE EX REL. Jeffrey MERRELL,
Prosecuting Attorney, Relator,

v.

The Honorable Robert Craig
CARTER, Respondent.

No. SC 95932

Supreme Court of Missouri,
en banc.

Opinion issued May 30, 2017

ORIGINAL PROCEEDING IN PRO-
HIBITION

The prosecutor was represented by An-
thony M. Brown of the Taney County
prosecutor's office in Forsyth, (417) 546-
7260.

The defendant was represented by Ja-
son Coatney of The Law Office of Jason
Coatney LLC in Springfield, (417) 831-
4200, and Donald R. Cooley, another attor-
ney in Springfield, (417) 831-3139.

Mary R. Russell, Judge

Relator Jeffrey Merrell, prosecuting at-
torney for Taney County, seeks a writ of
prohibition to prevent the trial court from
assessing the costs of a special master
against the county in the criminal proceed-
ing against Malcolm Pearce (Defendant).

Because the trial court lacked authority to assess costs for the special master against the county, this Court makes permanent its preliminary writ of prohibition.

## Factual Background

Defendant was charged in Taney County with two counts of first-degree statutory sodomy, two counts of first-degree child molestation, two counts of first-degree endangering the welfare of a child, and two counts of sexual misconduct or attempted sexual misconduct involving a child younger than 15 years of age.[1]

Defendant filed a motion to disqualify the prosecuting attorney, alleging the Taney County prosecutor's office obtained and disclosed phone calls made by Defendant from the Christian County jail, some of which were apparently placed to his attorneys. The trial court held a hearing on the motion, and evidence was presented that no person from the prosecutor's office had listened to or reviewed the phone calls between Defendant and his attorneys. The trial court overruled the motion to disqualify but appointed a retired judge as special master with orders to review the jail phone call files, redact all calls between Defendant and his attorneys, and send the redacted electronic phone logs to counsel. The order also directed all future recorded jail calls to be forwarded to the special master.

The special master carried out these orders and filed his report with the trial court, which ordered that "Taney County pay [ ], Special Master, two thousand eight hundred twenty-four and 23/100 ($2,824.34) within thirty days. [The prosecutor] is directed to forward this order to the appropriate official in Taney County to process this payment." The prosecutor filed a motion to reconsider, which the trial court overruled. The prosecutor now seeks relief from this Court, requesting a writ of prohibition vacating the trial court's order directing Taney County to pay the special master's fees.

## Jurisdiction and Standard of Review

■ This Court has jurisdiction to "issue and determine original remedial writs." Mo. Const. art. V, sec. 4. A writ of prohibition may issue to: (1) "prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction;" (2) "remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended;" or when (3) "a party may suffer irreparable harm if relief is not granted." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014).

## Analysis

■ Whether a trial court can assess costs against the county for the special master's services in a criminal proceeding is a matter of first impression. The prosecuting attorney in this case argues the trial court lacked authority to assess the special master's fees against the county because no statute or rule of criminal procedure provides for the assessment.

This Court agrees. The trial court lacked authority to order Taney County to pay the costs of the special master. The trial court cites no authority supporting the imposition of those costs beyond asserting that the prosecution's possession of the jail phone calls prompted the decision to make the appointment.

1. Venue was changed from Taney County to Christian County, and respondent Judge Robert Craig Carter was assigned to the case.

**800**

■■■ "Costs" are a creature of statute, and courts have "no inherent power to award costs, which can only be granted by virtue of express statutory authority." *Gene Kauffman Scholarship Found., Inc. v. Payne*, 183 S.W.3d 620, 627 (Mo. App. 2006) (internal quotations omitted); *see also Groves v. State Farm Mut. Auto. Ins. Co.*, 540 S.W.2d 39, 44 (Mo. banc 1976) ("An item is not taxable as costs in a case unless it is specifically authorized by statute, or by agreement of the parties."). "Statutes allowing the taxation of costs are strictly construed." *Payne*, 183 S.W.3d at 627. Additionally, "costs cannot be recovered in state courts from the state of Missouri or its agencies or officials" absent statutory authority. *Richardson v. State Highway & Transp. Comm'n*, 863 S.W.2d 876, 882 (Mo. banc 1993).

Further, no rule or statute includes the fees of a special master in "costs" that can be collected in a criminal case. Even if the fees of the special master could be considered "costs," no statute authorizes the assessment of costs against a county under the circumstances present here. Section 550.030, RSMo 2000, provides that the county in which criminal charges were filed shall pay costs "[w]hen the defendant is sentenced to imprisonment in the county jail, or to pay a fine, or both, and is unable to pay the costs."

Defendant has not been sentenced to imprisonment in the county jail or to pay a fine, nor has he been found unable to pay court costs. Moreover, if he is ultimately convicted of the felony charges against him and sentenced to imprisonment in a state penitentiary, any costs Defendant is unable to pay, except for costs incurred on behalf of Defendant, would be taxable to the *state*, not the county. *See* sec. 550.020.1, RSMo 2000.

### Conclusion

Because the trial court lacked authority to order Taney County to pay the fees of the special master,[2] this Court makes its writ of prohibition permanent.[3]

Breckenridge, C.J., Fischer, Stith, Draper and Wilson, JJ., concur.

Powell, J., not participating.

---

**2.** The prosecuting attorney raises two additional arguments for issuance of a writ. First, he claims the trial court lacked authority to appoint a special master in this criminal proceeding. The prosecutor also contends, because the phone system announced all calls were being recorded, any attorney-client privilege was waived, and, therefore, appointment of a special master was inappropriate and unnecessary. Having concluded the trial court lacked authority to assess the special master's fees, this Court does not reach these alternative arguments for issuance of a writ.

**3.** After arguments, the trial court filed a motion asking the Court to quash its preliminary writ of prohibition based on this Court's decision in *State ex rel. Tipler v. Gardner*, 506 S.W.3d 922 (Mo. banc 2017). *Tipler* held article I, section 18(c) of the Missouri Constitution, which permits admission of evidence of prior criminal acts in prosecutions for sex crimes committed against minors, is a rule of evidence and applies to all trials held on or after the effective date of the amendment. *Id.* at 924. The trial court does not explain how *Tipler* affects the analysis of the questions raised in the writ petition. The motion was ordered taken with the case and is now overruled as moot.