

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | *Opinion issued March 19, 2019* |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC97604 |
| | ) | |
| GEORGE RICHEY, | ) | |
| | ) | |
| Appellant. | ) | |

and

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC97630 |
| | ) | |
| JOHN B. WRIGHT, | ) | |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF ST. CLAIR COUNTY**
**The Honorable Jerry Rellihan, Judge**

**APPEAL FROM THE CIRCUIT COURT OF LAFAYETTE COUNTY**
**The Honorable Kelly Rose, Judge**

The issue to be decided in these two cases is whether a jail board bill may be taxed as "court costs" in criminal cases. In both cases, the circuit courts overruled motions to retax costs after each movant had his board bill taxed as costs against him by the circuit

court. Because no statutory authority exists to treat jail board bills as court costs, the circuit courts' rulings are reversed and the cases are remanded.

## Background

### *Richey*

George Richey pleaded guilty in April 2015 to violating an order of protection and was sentenced to 90 days in the St. Clair County jail with credit for time served. Upon his release from jail, the circuit court ordered him to pay the board bill, amounting to $3,150. The circuit clerk prepared a fee report, itemizing the amounts charged to Richey, which included his board bill and various other smaller charges. In total, Richey was ordered to pay $3,266.50 as court costs by December 31 of that year.

Richey made no payments, and in January 2016, the circuit court issued an arrest warrant for "failure to obey [the] judge's order:" in essence, failure to pay the court costs. He was placed in custody in the county jail again with his bond set in the amount of the outstanding court costs. After Richey was released in April 2016, the circuit court taxed as court costs another board bill, this time for $2,275, for the 65 days Richey served in jail on the January warrant. Richey's new court costs bill amounted to $5,541.50:

| | |
|---|---|
| 1) LET-County | $2.00 |
| 2) Dom Viol-Crim/County Ordinance | $0.00 |
| 3) Inmate Pris Detainee Security | $2.00 |
| 4) Misdemeanor Costs w/SRF | $102.50 |
| 5) CVC-$10 Other | $10.00 |
| 6) Board Bill-Deft | $3,150.00 |
| 7) Board Bill-Deft | $2,275.00 |

After his release, Richey was required to appear in court for "payment review hearings" approximately once a month. In total, Richey attended 18 "payment review

2

hearings" before the circuit court from April 2016 to March 2018. Richey made payments totaling $1,600 during those months, but as of May 2018, Richey still owed $10 for the "CVC" charge and $3,931.50 for the two board bills.

Richey filed a motion to retax costs in March 2018, arguing the circuit court had no statutory authority to tax his board bills as court costs. The circuit court overruled the motion. Richey appeals.

### Wright

John Wright pleaded guilty in 2016 to stealing and resisting arrest. He was sentenced to 90 days in jail with credit for time served. The circuit clerk prepared a fee report and taxed to Wright as court costs a jail board bill in the amount of $1,358.28. The total amount taxed to Wright, including various other small charges, was $1,501.78:

1)  LET-County                            $2.00
2)  Dom Viol-Crim/County Ordinance        $2.00
3)  Inmate Pris Detainee Security         $2.00
4)  Misdemeanor Costs w/SRF             $102.50
5)  CVC-$10 Other                        $10.00
6)  Board Bill-Deft                    $1,358.28
7)  Time Payment Fee                     $25.00

After the judgment and fee schedule were entered in July 2016, the circuit court scheduled Wright's case for monthly show cause hearings to monitor his payments. By March 2018, Wright had appeared 13 times before the circuit court, making sporadic payments totaling $380 toward the court costs.

Wright also filed a motion to retax costs, arguing there was no statutory authority to tax the board bill as court costs. Further, he claimed the $380 in payments he had made had exceeded the non-board bill fees and, for this reason, he was entitled to a

3

refund of the extra amount paid. The circuit court overruled the motion, and Wright appeals.[1]

## Standard of Review

Statutory interpretation is an issue of law that this Court reviews *de novo*. *State v. Johnson*, 524 S.W.3d 505, 510 (Mo. banc 2017). When interpreting a statute, "each word, clause, sentence, and section of a statute should be given meaning." *Middleton v. Mo. Dept. of Corrections*, 278 S.W.3d 193, 196 (Mo. banc 2009).

## Analysis

Richey and Wright argue there is no statutory authority permitting jail board bills to be taxed as court costs.[2] "'Costs' are a creature of statute," and courts do not have any inherent power to tax them. *State ex rel. Merrell v. Carter*, 518 S.W.3d 798, 800 (Mo. banc 2017). Costs may only be granted "by virtue of express statutory authority." *Id.* "Statutes allowing the taxation of costs are strictly construed." *Id.* "[N]o right to or liability for costs exists in the absence of statutory authorization." *Cramer v. Smith*, 168 S.W.2d 1039, 1040 (Mo. banc 1943). Express statutory authority must be clear, definite, and unambiguous.[3] There is no power to tax costs "unless a finger can be put upon a

---

[1] This Court has jurisdiction over both Richey's and Wright's claims under article V, section 10 of the Missouri Constitution.

[2] Richey and Wright may challenge the taxation of board bills as court costs without affecting the finality of their judgments. "Any person aggrieved by the taxation of a bill of costs may, upon application, have the same retaxed by the court in which the action or proceeding was had[.]" Section 514.270. *See also Herson v. Chicago & A.R. Co.*, 18 Mo. App. 439, 443 (Mo. App. 1885) (Appeal following final judgment and taxation of costs after judgment was proper).

[3] *Compare Multidata Systems Int'l Corp. v. Zhu*, 107 S.W.3d 334, 338 (Mo. App. 2003) (finding express statutory authority to award special process server fees as costs when governing statute, section 506.140.2, RSMo. 2000, permitted parties to "file an application to the court requesting that any fees paid to a special process server be awarded in any judgment entered in the action"

4

statute permitting it." *Jacoby v. Mo. Valley Drain Dist.*, 163 S.W.2d 930, 931 (Mo. banc 1942).

The statutes relied upon by the State fall short of this standard. The State relies on sections 488.010, 550.010, and 550.030[4] to support its position that jail board bills may be taxed as "court costs." Section 488.010 defines "court costs" as "the total of fees, miscellaneous charges and surcharges[] imposed in a particular case." Section 488.010(1). The State contends jail board fees may be construed as "miscellaneous charges," which is defined as "the amounts allowed by law for services provided by individuals or entities other than the court." Section 488.010(3). According to the State, incarceration is a "service" for which Richey and Wright may be billed under section 488.010.

"Service" is defined as "an act done for the benefit or at the command of another." *Webster's Third New International Dictionary* 2075 (2002). Reasonable minds may differ as to whether incarceration may be considered a "service," but because this Court is required to construe cost taxation statutes strictly, section 488.010 cannot be found to provide *express* statutory authorization to allow jail debt to be taxed as court costs.

---

and allowing the court to include those fees in the judgment entered), *with Wilson v. Good*, 749 S.W.2d 17, 19 (Mo. App. 1988) (finding no express statutory authority to tax costs of private individuals serving subpoenas when governing statute, section 57.280, RSMo 1986, only allowed for costs of *sheriffs* serving subpoenas).

[4] All statutory citations are to RSMo 2016 unless otherwise stated.

The State also argues taxing board bills as court costs is permitted under sections 550.010[5] and 550.030[6] because these sections, according to the State, purport to contemplate that incarceration fees are "costs." But what the State cannot point to is any indication that either of these statutes expressly authorizes board bills to be taxed as court costs. Sections 550.010 and 550.030 provide when a county or state is responsible for paying certain court costs. These statutes do not support the State's position, as they do not expressly *impose* a responsibility on individuals to pay jail board bills as court costs.

There is no statute expressly authorizing the taxation of jail board bills as court costs. If the legislature intended to delineate board bills as court costs, it could have easily done so, in an express way, in, for example, chapter 488 ("Court Costs"). Such an omission is even more glaring when compared with the express statutory authority permitting the taxation of each of Richey's and Wright's other billed fees.[7] All of the

---

[5] "Whenever any person shall be convicted of any crime or misdemeanor he shall be adjudged to pay the costs, and no costs incurred on his part, except fees for the cost of incarceration, including a reasonable sum to cover occupancy costs, shall be paid by the state or county." Section 550.010.

[6] "When the defendant is sentenced to imprisonment in the county jail, or to pay a fine, or both, and is unable to pay the costs, the county in which the indictment was found or information filed shall pay the costs, except such as were incurred on the part of the defendant." Section 550.030.

[7] *See* section 488.5336 (permitting "A surcharge of two dollars may be assessed as costs in each criminal case involving ... a violation of any criminal or traffic laws of the state" ("LET-County")); section 488.607 (authorizing "surcharge in an amount of up to four dollars per case for each criminal case" to go toward a domestic violence fund ("Dom Viol-Crim/County Ordinance")); section 488.5026 (authorizing a $2 "surcharge" to be assessed as costs to fund the inmate prisoner detainee security fund ("Inmate Pris Detainee Security")); section 488.012 (providing court cost fees for misdemeanor cases, among other things ("Misdemeanor Costs")) and section 488.024 (allowing "a surcharge of three dollars … in all criminal cases … [S]uch funds shall be payable to the sheriffs' retirement fund" ("SRF")); section 595.045.8 (providing for a $10 fee upon a plea of guilty to most misdemeanors "payable to the crime victims' compensation fund" ("CVC")); and section 488.5025 (a court may "assess a fee of twenty-five

6

charges assessed against Richey and Wright except one – the jail board bill – are expressly considered taxable court costs by statute.

Further, statutes outlining the office of the state courts administrator's collection authority for litigants' debts make a distinction between delinquent board bills and court costs. Under section 221.070, each former inmate is legally responsible for the costs of his or her imprisonment, a fact neither Richey nor Wright disputes.[8] And if the former inmate fails to make payments, section 221.070.2 provides an express collection method for obtaining the delinquent board bill debt. The circuit court certifies the debt to the office of the state courts administrator, which then, in turn, initiates collection efforts.[9]

These collection efforts for unpaid board bills are separate and distinct from collection efforts for obtaining delinquent court costs as set out in section 488.5028. Prior to 2013, section 488.5028.1 provided:

> If a person fails to pay court costs, fines, fees, or other sums ordered by a court, to be paid to the state or political subdivision, a court may report any such delinquencies in excess of twenty-five dollars to the office of state courts administrator and request that the state courts administrator seek a setoff of an income tax refund. The state courts administrator shall set guidelines necessary to effectuate the purpose of the offset program.

dollars on each person who pays a court-ordered judgment, penalty, fine, sanction, or court costs on a time payment basis" ("Time Payment Fee")).

[8] "Every person who shall be committed to the common jail within any county in this state … shall bear the expense of carrying him or her to said jail, and also his or her support while in jail, before he or she shall be discharged …." Section 221.070.1.

[9] "If a person has not paid all money to the county jail upon release from custody and has failed to enter into or honor an agreement with the sheriff to make payments toward such debt according to a repayment plan, the sheriff may certify the amount of the outstanding debt to the clerk of the court in which the case was determined. The circuit clerk shall report to the office of state courts administrator the debtor's full name, date of birth, and address, and the amount the debtor owes to the county jail." Section 221.070.2.

Section 488.5028.1, RSMo Supp. 2012. But in 2013, the statute was amended to create a collection mechanism for *board bill debts*. It now provides: "The office of state courts administrator also shall seek a setoff of any income tax refund and lottery prize payouts made to a person whose name has been reported to the office as being delinquent pursuant to section 221.070." Section 488.5028.1, RSMo Supp. 2013. This amendment evidences that a collection remedy for board bill debts did not previously exist. The current version of section 488.5028 indicates the office of the state courts administrator's power to collect the debt of those delinquent on jail board bills is *in addition to*, and not duplicative of, its power to collect the debt of those owing court costs.[10]

While persons are legally responsible for the costs of their board bills under section 221.070, if such responsibilities fall delinquent, the debts cannot be taxed as court costs and the failure to pay that debt cannot result in another incarceration. The circuit courts erred in taxing as court costs the board bills of Richey and Wright, as express statutory authority permitting jail board bills to be taxed as court costs does not exist. The courts should not have required them to repeatedly appear to account for debts the courts could not legally designate as court costs, and, in Richey's case, the circuit court should not have sent him back to jail for failing to make those payments.

---

[10] Moreover, failure to pay court costs, fines, fees, or other sums may only be reported to the office of the state courts administrator if in excess of $25 and may only be set off against an income tax refund. Section 488.5028.1. These limits do not apply to section 221.070 board bill debt, which may be set off against both income tax refunds and lottery prize payouts, and, seemingly, may be collected regardless of whether a $25 minimum debt threshold is met. *Id.*

Richey and Wright seek refunds for the amounts they have paid on their board bills to their respective circuit courts. But neither party argues he is not legally responsible for paying the costs of his incarceration under section 221.070. Instead, they argue that the circuit court's method of charging and collecting the costs was unlawful. Because the appellants still owe the balance of that board bill at this point, they are not entitled to a refund.

Richey's circumstances, however, differ from Wright's. The court incarcerated Richey for 65 days, incurring an additional $2,275 charge, for failure to pay the earlier board bill. The circuit court is ordered to remove the $2,275 charge from Richey's liabilities on the clerk's fee report and apply any funds Richey has paid towards that debt to the jail debt incurred during his underlying *lawful* incarceration. *See* section 514.270.

This Court reverses the rulings on both motions.[11] On remand, the circuit courts are directed to retax the costs, pursuant to section 514.270, by removing the board bill liability of Richey and Wright under section 221.070 from their respective fee reports.

## Conclusion

The trial court orders are reversed, and the cases are remanded.

_____
Mary R. Russell, Judge

All concur.

_____

[11] Because the resolution of this case is dispositive, this Court need not address Wright's or Richey's other arguments.