

# Missouri Court of Appeals

### Southern District

### Division Two

STATE OF MISSOURI, )
)
          Respondent, )
)
  vs. ) No. SD36153
)
GEORGE M. RICHEY, ) FILED: June 30, 2020
)
          Appellant. )

APPEAL FROM THE CIRCUIT COURT OF ST. CLAIR COUNTY

Honorable Jerry J. Rellihan, Judge

**AFFIRMED AND REMANDED WITH INSTRUCTIONS**

George Richey appeals from misdemeanor trespass and assault convictions, primarily alleging retaliatory sentencing.[1]

**Background**

In July 2017, Richey pleaded guilty to supplying liquor to a minor and was sentenced to 180 days in jail. Although Richey recently had served 2015 and 2016 jail stints further discussed below, the court suspended execution of this new sentence and granted Richey unsupervised probation upon his signed agreement to obey all laws.

At the same hearing, Richey pleaded guilty to third-degree assault in a separate case. The court sentenced him to 15 days in jail, but again suspended execution and granted Richey unsupervised probation.

---

[1] As a separate uncontested matter, we agree with both parties that we should remand for nunc pro tunc correction of a clerical error in the judgment.

Just five weeks later, Richey committed and later pleaded guilty to peace disturbance, second offense. Despite this crime and resulting one-year jail sentence, the court did not revoke Richey's other probations. Instead, the court again suspended execution of the new sentence and left Richey free on unsupervised probation on further special conditions, again signed by Richey, to avoid alcohol and timely complete alcohol-treatment and anger-management programs.

In March 2018, Richey moved to re-tax costs assessed for his previously noted 2015 and 2016 jailings. He lost in the trial court, but eventually prevailed in *State v. Richey*, 569 S.W.3d 420 (Mo. banc 2019).[2]

Meanwhile Richey committed the September 2018 offenses now appealed from. He got drunk and went to the Scribners' home, yelling that he would "beat [their] ass and f*ck [them] up." He left when Mrs. Scribner threatened to call police, then returned, shouting for Mr. Scribner to come out. When Richey would not leave, Mrs. Scribner called police. The responding officer, who knew Richey from multiple encounters over the years, told him to leave and "if he stayed away and I didn't have to come back, we'd just let it go." The officer left but soon was called back for "the same thing." Richey admitted returning and "screaming obscenities at the Scribners." He was arrested, was violent during transport to the jail, and upon arriving there, threatened to kill the arresting officer and his family.

The state charged Richey with class A, B, and C misdemeanors and moved to revoke his probation. Richey waived jury trial. Without objection, the court heard evidence on the probation violations and new charges together. Although Richey called no witnesses and offered no evidence in his own defense, the court acquitted him of the class A offense, convicted him on only the two lesser charges, sentenced him to 180 and 15 days respectively, and revoked his probation, observing

---

[2] Richey acknowledged his statutory responsibility for the costs of his imprisonment. *Id.* at 424 (citing RSMo § 221.070.1). But our supreme court agreed that no statute authorized taxing those as court costs; ordered the trial court to adjust Richey's court costs accordingly; and denied Richey's refund claim because he still owed on his lawful board bill. *Id.* at 424-26.

that Mr. Richey has, in fact, violated each -- many of the terms of his probation. And as I look back and look at the sentences that he agreed -- he agreed to in exchange for the opportunity to receive probation and be an active member of the community, the Court is going to revoke his probation.

The court ordered all sentences to run consecutively, stating again that Richey "had many, many, many opportunities to become an active and good member of this community and he's chosen not to."

## Richey's Complaint and Analysis

Richey does not deny guilt on any charge, contest any individual sentence, or dispute the propriety of revoking his probation. He questions only the court's decision to run all sentences consecutively.

As a general proposition, consecutive sentencing falls within a trial court's discretionary authority. ***Mosby v. State***, 236 S.W.3d 670, 679 (Mo.App. 2007). As Richey acknowledges, we will reverse only for abuse of that discretion; *i.e.*, judicial action so unreasonable, arbitrary, and ill-considered that it shocks the sense of justice. ***State v. Fields***, 480 S.W.3d 446, 453 (Mo.App. 2016). It is Richey's burden to prove such abuse. ***State v. Sykes***, 579 S.W.3d 231, 233 (Mo.App. 2019).

Richey claims to carry that burden by (1) showing the trial court ignored relevant sentencing considerations, and (2) suggesting that consecutive sentences were in retaliation for Richey winning his supreme court case.

*Failure to Consider Relevant Circumstances*

Richey's impassioned complaints here fail for two fundamental reasons.

First, he did not raise these or any other sentencing arguments in the trial court, even by post-trial motion. It may be true, as Richey states, that Rule 29.11(e) preserves his claim without any post-trial motion, yet preserving a claim falls short of carrying one's burden to prove it. It is particularly difficult to show how any court unreasonably, arbitrarily, and shockingly abused its discretion because it did not credit arguments it never heard, given "the principle of law that an appellate court will not convict a trial court of an error not put before it to decide." ***State v. Tilley***, 104 S.W.3d 814, 820 (Mo.App. 2003).

Second, Richey's arguments stray from the record. 83% of Richey's Rule 84.04(h) appendix (40 of 48 pages) is non-record matter that he repeatedly cites but this court cannot consider:

> It has long been held that brief attachments which are not part of the appellate record will not be considered on appeal. Merely including matter in a brief's appendix does not make it part of the record. We do not consider documents in an appendix that are not in the record on appeal.

*State v. Lewis*, 388 S.W.3d 252, 256 n.4 (Mo.App. 2012).

*Retaliation*

Richey also claims "circumstances suggest [he] was punished for exercising his constitutional rights." If proved, such retaliation calls for relief despite Richey's failings above. *See* ***Taylor v. State***, 392 S.W.3d 477, 488 (Mo.App. 2012)(relief lies if court actually factored defendant's exercise of constitutional right into sentencing decision, even if other factors could have supported same sentence).

Yet to read ***Taylor***'s exposition of relevant case law, 392 S.W.3d at 488-91, is to understand why Richey fails to prove this claim. The ***Taylor*** court carefully analyzed various appellate decisions – with special focus on three that found retaliatory sentencing and three that did not – to draw the following conclusions:

- A record indicating the trial court enhanced the sentence *in part* based on a defendant's exercise of a constitutional right justifies relief. *Id*. at 488.

  - So if that court actually considered a defendant's exercise of a constitutional right in imposing sentencing, "then the exercise of the right was a 'determinative factor' in sentencing, and retaliation has been demonstrated, even if other factors could have been relied on by the trial court to support the same sentence." *Id*.

- However, "something beyond the bare possibility that retaliation *could* have been a factor in sentencing must be shown." *Id*.

- Comparing the cases finding improper retaliation with those that did not, the difference was trial-court words or statements that "directly connected" the enhanced sentencing with the exercise of a constitutional right. *Id*. at 490.

- By contrast, where the record establishes that the court considered other appropriate factors in imposing sentence, "a generalized

4

comment on the assertion of a constitutional right is not a determinative factor in imposing sentence." *Id*. at 491.

Applying ***Taylor***'s observations here:

- The trial judge did not directly, or even indirectly, link Richey's sentencing to any constitutional, statutory, or other right Richey had asserted or exercised, or to Richey's supreme court case.

- There was not even a generalized comment to any such effect.

- The court merely mentioned, twice, Richey's many missed opportunities to become a good and active community member.

We agree with the state that ***Taylor***, on this record, forecloses Richey's retaliation claim, and with it, all of Richey's consecutive-sentencing challenges.[3]

## Conclusion

We affirm the judgment and remand solely for the trial court to enter a judgment nunc pro tunc correctly identifying Richey's Count III conviction as one for assault in the fourth (not third) degree.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR
JEFFREY W. BATES, C.J. – CONCURS
MARY W. SHEFFIELD, J. – CONCURS

---

[3] Richey was entitled to reply to the state's arguments. Rule 84.04(g). He asked this court to grant him more time than usual to do so, which we did, but he never filed anything.

5