

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED108007 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | 17SF-CR01570-01 |
| | ) | |
| RENEE N. BERTRAND, | ) | Honorable Wendy Wexler Horn |
| | ) | |
| Appellant. | ) | Filed:  October 27, 2020 |

Renee N. Bertrand ("Defendant") appeals the judgment, following a jury trial, (1) convicting her of one count of fourth-degree assault of a law enforcement officer (Count I) and one count of first-degree trespass (Count III);[1] and (2) imposing a total of $981.50 in court costs upon Defendant, including $760.48 in "Jury Fees."[2]  The trial court sentenced Defendant to one year in the St. Francois County Jail on Count I and to six months in the St. Francois County Jail on Count III, with the sentences to run consecutively; however, the court suspended execution of the sentences and placed Defendant on probation for two years.

On appeal, Defendant argues, (1) there was insufficient evidence to support her conviction for first-degree trespass; (2) the trial court's imposition of $760.48 in "Jury Fees" upon Defendant as court costs is erroneous because there is no statutory authority permitting such fees to be taxed as court costs; and (3) the trial court's imposition of the entire amount of

---

[1] Defendant was acquitted on Count II, which was a charge for resisting arrest.

[2] *See State v. Savage*, 592 S.W.3d 42, 43-47 (Mo. App. W.D. 2019) (finding a trial court's decision to impose court costs against a defendant in a criminal case was part of the final judgment of conviction under circumstances similar to those here, where, *inter alia*, the court taxed costs against the defendant during sentencing).

court costs on Defendant ($981.50) is erroneous under section 550.030 RSMo 2016[3] because Defendant is unable to pay the costs in that she is an indigent person represented by a public defender.

For the reasons set forth in detail below, we hold the following. Because we find there was sufficient evidence from which a reasonable juror could have found Defendant guilty of her first-degree trespass conviction (Count III) she challenges on appeal, and because Defendant does not challenge her conviction for fourth-degree assault of a law enforcement officer (Count I), we affirm the portion of the judgment convicting Defendant of Counts I and III. Additionally, because Defendant does not challenge her sentences for Counts I and III, we affirm the portion of the judgment sentencing Defendant on those counts.

However, because the record on appeal does not specifically indicate what the $760.48 in "Jury Fees" imposed upon Defendant as court costs encompasses, and because the trial court only had express statutory authority to impose "all fees due" persons selected to serve on the jury panel (including alternate empaneled jurors) for daily pay (at the rate of six dollars per day) and mileage (at the rate of seven cents per mile) as taxable court costs, we reverse and remand the trial court's decision to impose $760.48 in "Jury Fees" upon Defendant as court costs for further proceedings consistent with this opinion. Finally, the issue of whether Defendant is unable to pay court costs was never adjudicated by the trial court, and therefore, the issue is not ripe for appellate review; however, this issue may be addressed on remand pursuant to a motion filed by Defendant and after a hearing at which evidence regarding Defendant's inability to pay is adduced.

---

[3] Unless otherwise indicated, all further statutory references are to RSMo 2016.

# I. BACKGROUND

In this case, the State's substitute information charged Defendant with fourth-degree assault of a law enforcement officer (Count I), resisting arrest (Count II), and first-degree trespass (Count III) for incidents that allegedly occurred on October 23, 2017 at the municipal division of the Circuit Court of St. Francois County located in Park Hills, Missouri ("municipal division"). A jury trial took place in the Circuit Court of St. Francois County ("trial court" or "court") with respect to Defendant's charges on April 24, 2019. Defendant was represented by a special public defender throughout the underlying proceedings before the trial court.

## A. Relevant Evidence Presented at Trial

Viewed in the light most favorable to the verdicts, the following evidence was presented at Defendant's trial. On the night of October 23, 2017, Defendant and other persons were in the courtroom audience during municipal division proceedings before the Honorable James Joyce. Four law enforcement officers were also present in the courtroom: Lieutenant Doug Bowles acting as bailiff, Officer Steven Poole, Officer Abbey Sullivan, and Officer Zachary Hedrick.

During the municipal division proceedings, Defendant got into a "verbal altercation" with another person who was in the front of the courtroom. Defendant was "very aggressive," was "confrontational," and was told several times to quiet down by both the bailiff and the judge. However, "[e]ach time [Defendant] was told to do something, the situation escalated." At some point, Defendant began to use profanity, and when Defendant was told to stop swearing, she stood up and used more profanity in a louder tone.

Eventually, the bailiff asked Defendant to leave the courtroom. The judge also told Defendant "you need to leave" and told officers to remove her from the courtroom. At some point thereafter, Defendant stood up and took steps towards the back of the courtroom while continuing to argue, scream, and use profanity. Defendant then stopped near the back door of the courtroom where Officers Poole and Hedrick were standing.

3

At this point in time, Officers Poole and Hedrick both told Defendant she was trespassing and instructed her to leave. Defendant yelled she was not going to leave and the officers could not make her leave. Because it was evident to Officer Poole that "[Defendant] wasn't [ ] agreeing to leave the courtroom," the officer "placed a hand on [Defendant's] wrist and her upper arm" to convey to her she needed to leave. When Officer Poole touched Defendant, she aggressively and loudly told the officer not to touch her. Officer Poole then gave Defendant additional verbal commands to leave the courtroom. However, instead of leaving, Defendant tensed up, took a wide stance, and became immoveable.

Another officer in the courtroom, Officer Sullivan, subsequently approached Defendant and gave her commands to leave the courtroom. Defendant then punched Officer Sullivan near her collarbone. Thereafter, all of the officers in the courtroom took Defendant to the ground, and Defendant was eventually handcuffed, placed under arrest, and escorted out of the building.

**B.      Relevant Procedural Posture**

At the close of the State's evidence and at the close of all of the evidence, Defendant filed motions for judgment of acquittal. The trial court denied the motions.

Subsequently, the jury found Defendant guilty of fourth-degree assault of a law enforcement officer (Count I) and of first-degree trespass (Count III), and the jury found Defendant not guilty of resisting arrest (Count II). Defendant then filed a motion for judgment of acquittal notwithstanding the verdict of the jury, or in the alternative, a motion for a new trial, alleging the trial court erred in denying her motions for judgment of acquittal with respect to Counts I and III ("Defendant's post-trial motion"). The trial court denied Defendant's post-trial motion.

Defendant waived jury sentencing, and the trial court held a sentencing hearing on June 28, 2019. At the hearing, the trial court orally pronounced it was sentencing Defendant to one year in the St. Francois County Jail on Count I and to six months in the St. Francois County Jail

4

on Count III, with the sentences to run consecutively; however, the court suspended execution of the sentences and placed Defendant on probation for two years.

The trial court also stated at the June 28 hearing that it was going to impose court costs upon Defendant. Defense counsel then requested the trial court to waive the court costs because "this is a public defender case, [ ] [Defendant] is indigent[,] [and] [s]he cannot pay the court costs." The trial court denied defense counsel's request, stating, "I am not willing to waive the costs at this time." The Case Party Fee Report that is a part of the record in this appeal provides the court costs imposed on Defendant totaled $981.50, including $760.48 in "Jury Fees."

The trial court subsequently entered a judgment in accordance with the jury's verdicts convicting Defendant on Counts I and III and entering a written sentence consistent with the court's oral pronouncement. The trial court then entered an order granting Defendant leave to file an appeal in forma pauperis. Defendant appeals.[4]

## II.    DISCUSSION

Defendant raises three points on appeal arguing, (1) there was insufficient evidence to support her conviction for first-degree trespass; (2) the trial court's imposition of $760.48 in "Jury Fees" upon Defendant as court costs is erroneous because there is no statutory authority permitting such fees to be taxed as court costs; and (3) the trial court's imposition of the entire amount of court costs on Defendant ($981.50) is erroneous under section 550.030 because Defendant is unable to pay the costs in that she is an indigent person represented by a public defender.

### A.    Defendant's Sufficiency-of-the-Evidence Claim

In Defendant's first point on appeal, she challenges the sufficiency of the evidence to support her conviction for first-degree trespass.

---

[4] To avoid unnecessary repetition, additional facts relevant to each of Defendant's points on appeal will be set forth in Sections II.A. and II.B. of this opinion.

## 1. Standard of Review

Appellate review of a claim that there was insufficient evidence to support a criminal conviction is limited to a determination of "whether the [S]tate has introduced sufficient evidence from which a reasonable juror could have found each element of the crime beyond a reasonable doubt." *State v. Hosier*, 454 S.W.3d 883, 898 (Mo. banc 2015). In making that determination, great deference is given to the trier of fact, and an appellate court will not weigh the evidence anew. *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011). Additionally, all evidence and inferences favorable to the State are accepted as true, and all contrary evidence and inferences are disregarded. *Id*.

The State may meet its burden of proof by presenting either direct or circumstantial evidence connecting the defendant to each element of the crime. *State v. Burns*, 444 S.W.3d 527, 529 (Mo. App. E.D. 2014). Furthermore, circumstantial evidence is given the same weight as direct evidence in considering whether there was sufficient evidence to support a conviction. *Id*. at 528-29.

## 2. Relevant Law

Section 569.140.1 RSMo Cum. Supp. 2018 (effective August 28, 2017 to August 27, 2018)[5] provides a person commits the offense of first-degree trespass if she, *inter alia*, "knowingly remains unlawfully in a building[.]" "A person 'acts knowingly' . . . [w]ith respect to . . . her conduct or to attendant circumstances when . . . she is aware of the nature of . . . her conduct or that those circumstances exist." Section 562.016.3(1). Furthermore, section 569.010(2) defines "remain[s] unlawfully" in relevant part as:

> [A] person . . . remains in or upon premises when . . . she is not licensed or privileged to do so. A person who, regardless of . . . her purpose, . . . remains in or upon premises which are at the time open to the public does so with license and

---

[5] Unless otherwise indicated, all further references to section 569.140 are to RSMo. Cum. Supp. 2018 (effective August 28, 2017 to August 27, 2018), which is the version of the statute in effect at the time the events giving rise to Defendant's first-degree trespass charge occurred in October 2017.

6

privilege unless . . . she defies a lawful order not to . . . remain, personally communicated to . . . her by the owner of such premises or by other authorized person.

To avoid unnecessary repetition, the definition of a "building" is discussed in relevant part in the next subsection of this opinion.

### 3. Analysis

In this case, Count III of the State's substitute information charged Defendant with first-degree trespass "in that on or about October 23, 2017 . . . [D]efendant knowingly remained unlawfully in a building located [at] 10 Municipal Drive, Park Hills and owned by the City of Park Hills." Defendant does not dispute there was sufficient evidence that she knowingly remained unlawfully in the courtroom. Instead, she only contends there was insufficient evidence she knowingly remained unlawfully in a building because there was insufficient evidence she knowingly remained unlawfully in the building in which the courtroom was housed.

At trial, the evidence and reasonable inferences therefrom showed: the larger building in which the courtroom is housed also houses a foyer/hallway and some offices; the back door of the courtroom leads to the foyer/hallway; the back door of the courtroom is the only door members of the public can use to enter and exit the courtroom; members of the public have to exit the larger building from the foyer/hallway; and there is another door near the front of the courtroom by the bench that is used by the judge and court personnel to enter and exit the courtroom.

On appeal, Defendant is essentially arguing that because there was no evidence presented that she was told she had to leave the foyer/hallway or "a building," there was insufficient evidence she knowingly remained in the larger building in which the foyer/hallway, offices, and courtroom are housed. The underlying premise of Defendant's argument is that the courtroom itself cannot be considered a "building" for purposes of her first-degree trespass charge and

7

conviction. We hold this premise and Defendant's arguments dependent thereon lack merit pursuant to the reasoning of this Court's decision in *State v. Girardier*, 484 S.W.3d 356 (Mo. App. E.D. 2015).

In *Girardier*, the State charged the defendant with committing first-degree trespass under section 569.140 RSMo 2000 in that he "remained unlawfully in a building located at Abel[']s Kwik [sic] Stop Gas Station" in Warren County, Missouri. *Id*. at 357, 360 (bracketed alterations in original). At trial, the evidence showed the defendant, a male with male features: went into a stall in the women's restroom; stayed there for at least one hour; was addressed by two separate employees at separate times for his smoking conduct which was clearly prohibited conduct in the gas station; attempted to disguise his male voice in a female tone; and failed to comply when an officer first ordered the defendant to come out of the stall. *Id*. at 357-58, 362-63. After a bench trial, the defendant was convicted of first-degree trespass, and on appeal he challenged the sufficiency of the evidence to support the conviction. *Id*. at 357-59.

On appeal, the *Girardier* Court found there was sufficient evidence to support the defendant's conviction for first-degree trespass under section 569.140 RSMo 2000, holding in relevant part that a restroom inside of a gas station with four walls and one door was a "building" because "Missouri courts have found the presence of walls, a roof and doors and windows, even not completely constructed, me[et] the definition of a 'building.'" 484 S.W.3d at 359-63 (citing *State v. Ashby*, 339 S.W.3d 600, 605-06 (Mo. App. E.D. 2011)).

Similarly, in this case, the evidence and inferences therefrom showed the courtroom has four walls, two doors (one door for members of the public and one door for the judge and court personnel), and a roof. Accordingly, pursuant to the reasoning in *Girardier*, the courtroom itself meets the definition of a "building" under section 569.140.1. *See Girardier*, 484 S.W.3d at 359-63. In this case, Defendant does not dispute she knowingly remained unlawfully in the courtroom, and the evidence at trial supports such a determination beyond a reasonable doubt.

8

Based on the foregoing, Defendant has not demonstrated there was insufficient evidence to support her conviction for first-degree trespass. Point one is denied.

4.     **Conclusion as to the Portion of the Judgment Convicting Defendant of First-Degree Trespass and Fourth-Degree Assault of a Law Enforcement Officer and Sentencing Defendant for those Crimes**

Because we find there was sufficient evidence from which a reasonable juror could have found Defendant guilty of her first-degree trespass conviction (Count III) she challenges on appeal, and because Defendant does not challenge her conviction for fourth-degree assault of a law enforcement officer (Count I), we affirm the portion of the judgment convicting Defendant of Counts I and III. *See State v. Brown*, 558 S.W.3d 105, 108 (Mo. App. E.D. 2018) (affirming a defendant's judgment of convictions under similar circumstances). Additionally, because Defendant does not challenge her sentences for Counts I and III, we affirm the portion of the judgment sentencing Defendant on those counts. *Cf. id.* (remanding with instructions to the trial court to enter a *nunc pro tunc* order to correct clerical mistakes in the written sentence and judgment when the defendant challenged the written sentence and judgment on direct appeal).

B.     **Defendant's Claims Relating to the Trial Court's Decision to Impose Court Costs Upon Defendant**

Defendant's second and third points on appeal relate to the trial court's decision to impose court costs upon Defendant. The Case Party Fee Report that is a part of the record on appeal provides court costs imposed on Defendant totaled $981.50 and consist of costs of the following nature: $10.00 for "CVC . . . Other"; $2.00 for "LET-County"; $4.00 for "Dom Viol-Crim/County Ordinance"; $2.00 for "Inmate Pris Detainee Security"; $102.50 for "Misdemeanor Costs w/SRF"; $54.88 for "Jury Fees"; $678.00 for "Jury Fees"; $27.60 for "Jury Fees"; $75.52 for "Sheriff-Criminal Mileage"; and $25.00 for "Time Payment Fee."

Defendant's second point on appeal claims the trial court's imposition of a total of $760.48 in "Jury Fees" ($54.88 + $678.00 + $27.60) as court costs upon Defendant is erroneous,

9

and Defendant's third point on appeal asserts the trial court's imposition of the entire amount of court costs on Defendant ($981.50) is erroneous.

### 1. General Law

"[Court] [c]osts may only be granted by virtue of express statutory authority." *State v. Richey*, 569 S.W.3d 420, 423 (Mo. banc 2019) (internal quotations and quotation omitted). Section 550.010 provides: "Whenever any person shall be convicted of any crime or misdemeanor [s]he shall be adjudged to pay the costs, and no costs incurred on h[er] part, except fees for the cost of incarceration, including a reasonable sum to cover occupancy costs, shall be paid by the state or county." Further, section 550.030 states: "When the defendant is sentenced to imprisonment in the county jail, or to pay a fine, or both, and is unable to pay the costs, the county in which the indictment was found or information filed shall pay the costs, except such as were incurred on the part of the defendant."

In other words, and as relevant to this case, "under the aforementioned sections [and *Richey*], a person convicted of a crime or misdemeanor shall be adjudged to pay the costs (section 550.010) [that are expressly considered taxable court costs by statute (*Richey*)] (unless the defendant is sentenced to imprisonment in the county jail and/or to pay a fine and is unable to pay the costs, in which case the county in which the case originated pays the costs, pursuant to section 550.030).[6]" *See State v. Thomas*, 590 S.W.3d 418, 422-23 (Mo. App. E.D. 2019) (similarly finding except for the bracketed alterations discussing *Richey*'s holding); *see also Richey*, 569 S.W.3d at 423-24.

---

[6] "Relatedly, section 550.020.1 establishes that, when a defendant is sentenced to imprisonment in the penitentiary and is unable to pay the costs, the state (and not the county where the indictment was originally found or proceedings instituted) shall pay the costs." *State v. Thomas*, 590 S.W.3d 418, 424 n.6 (Mo. App. E.D. 2019).

## 2. The Imposition of $760.48 in "Jury Fees" Upon Defendant as Court Costs

In Defendant's second point on appeal, she claims the trial court's imposition of $760.48 in "Jury Fees" upon Defendant as court costs is erroneous because there is no statutory authority permitting such fees to be taxed as court costs.[7,8]

### a. Standard of Review

Defendant concedes her argument in her second point on appeal is not preserved because she did not object at trial to the imposition of court costs on the basis raised in this point (that part of the trial court's decision is not authorized by law), but rather only objected to the imposition of court costs on the grounds Defendant is indigent. *See, e.g., State v. Jackson*, 426 S.W.3d 717, 719 n.2 (Mo. App. E.D. 2014) (holding an argument on appeal was not preserved under similar circumstances).

Where an appellant-defendant fails to preserve an issue for appeal, this Court may still hear such a claim pursuant to Missouri Supreme Court Rule 30.20 (2020). *State v. McKay*, 411 S.W.3d 295, 304 (Mo. App. E.D. 2013). Under plain error review, we will only grant a defendant relief if we find an error occurred, which affected her rights so substantially that a manifest injustice or miscarriage of justice resulted. *Id.*; *see also State v. Mendez-Ulloa*, 525

---

[7] It is undisputed on appeal that there is statutory authority permitting all of the other fees assessed against Defendant in this case to be taxed as court costs. These costs total $221.02 and consist of: $10.00 for "CVC . . . Other" authorized by section 595.045.8; $2.00 for "LET-County" authorized by section 488.5336; $4.00 for "Dom Viol-Crim/County Ordinance" authorized by section 488.607; $2.00 for "Inmate Pris Detainee Security" authorized by section 488.5026; $102.50 for "Misdemeanor Costs w/SRF" authorized by sections 488.012 and 488.024; $75.52 for "Sheriff-Criminal Mileage" authorized by section 488.5320 RSMo Cum. Supp. 2018 (effective August 28, 2018 to the present); and $25.00 for "Time Payment Fee" authorized by section 488.5025. *See Richey*, 569 S.W.3d at 424, 424 n.7 (finding "[a]ll of the charges assessed against [the defendants] except one – [a] jail board bill – are expressly considered taxable court costs by statute" and specifically discussing all of the aforementioned fees, references, and statutes except for the sheriff mileage fee authorized by section 488.5025 RSMo Cum. Supp. 2018).

[8] We note the Case Party Fee Report in this case (the only document in the record on appeal detailing the court costs imposed upon Defendant) does not identify any statutory authority permitting the trial court to impose any court costs upon Defendant in this case. In the interests of judicial economy, and to assist with efficient appellate court review of future appeals involving claims the trial court lacked statutory authority to impose court costs upon a party, we encourage trial courts imposing court costs upon a party to expressly identify the specific statutory authority permitting the court to impose such costs.

S.W.3d 585, 595 (Mo. App. E.D. 2017). Not all errors rise to the level of "plain error"; plain errors are only those errors which are evident, obvious, and clear. *McKay*, 411 S.W.3d at 304.

We find plain-error review is appropriate in this case, because Defendant is claiming part of the trial court's decision to impose court costs upon Defendant is not authorized by law. *See State v. Nesbitt*, 299 S.W.3d 26, 28 (Mo. App. E.D. 2009) (finding plain-error review was appropriate when the defendant argued the trial court improperly sentenced him as a prior and persistent offender because the court's decision was allegedly in excess of that authorized by law).

Finally, statutory interpretation is an issue of law an appellate court reviews de novo. *Richey*, 569 S.W.3d at 423. "When interpreting a statute, each word, clause, sentence, and section of a statute should be given meaning." *Id*. (internal quotations and quotation omitted).

### b. Relevant Law

There are three relevant statutes to be considered in determining whether there is statutory authority permitting any "Jury Fees" to be taxed as court costs: sections 550.280, 550.010, and 494.455.2. Section 550.280 expressly authorizes the imposition of "all fees due jurors" as court costs in a criminal case, providing in relevant part: ". . . [A]ll fees due jurors in any criminal case . . . shall be deemed criminal costs, and shall be paid in a like manner and shall be subject to all the offsets herein provided for." As previously indicated, section 550.010 provides in relevant part: "Whenever any person shall be convicted of any crime or misdemeanor [s]he shall be adjudged to pay the costs . . .." Moreover, section 494.455.2 provides in relevant part: "Each . . . petit juror shall receive six dollars per day, for every day he or she may actually serve as such, and seven cents for every mile he or she may necessarily travel going from his or her place of residence to the courthouse and returning . . .."

Accordingly, we hold sections 550.280, 550.010, and 494.455.2 collectively and expressly

12

authorize the imposition of "all fees due" "petit jurors" for daily pay (at the rate of six dollars per day) and mileage (at the rate of seven cents per mile) as taxable court costs upon a person convicted of a crime or misdemeanor. *See* sections 550.280; 550.010; 494.455.2; *see also Richey*, 569 S.W.3d at 423 ("[court] [c]osts may only be granted by virtue of express statutory authority").

Because section 494.455 does not define "petit juror," we look to the dictionary definition of the term to determine its plain and ordinary meaning. *See* section 494.455; *State v. Evans*, 455 S.W.3d 452, 458 (Mo. App. E.D. 2014). *Black's Law Dictionary* defines "petit juror" as a "[a] trial juror, as opposed to a grand juror." (11th ed. 2019).[9] Considering related dictionary definitions of "juror" and "alternate juror," we find for purposes of this appeal that "petit jurors," i.e. "trial jurors," consist of persons selected to serve on the jury panel, including alternate empaneled jurors. *See Black's Law Dictionary* (defining "juror" as "[a] member of a jury; a person serving on a jury panel" and defining "alternate juror" as "[a] juror who is empaneled for the purpose of replacing a juror who is unable to perform or who has been disqualified from performance").

Based on the foregoing, we hold sections 550.280, 550.010, and 494.455.2 collectively and expressly authorize the imposition of "all fees due" persons selected to serve on the jury panel (including alternate empaneled jurors) for daily pay (at the rate of six dollars per day) and mileage (at the rate of seven cents per mile) as taxable court costs upon a person convicted of a crime or misdemeanor.

### c. Analysis

In this case, it is undisputed Defendant was convicted of two misdemeanors: the class A misdemeanor of fourth-degree assault of a law enforcement officer and the class B misdemeanor of first-degree trespass. Accordingly, the trial court was statutorily authorized to impose "all

---

[9] All further references to *Black's Law Dictionary* are to 11th ed. 2019.

13

fees due" persons selected to serve on the jury panel (including alternate empaneled jurors) for daily pay (at the rate of six dollars per day) and mileage (at the rate of seven cents per mile) as taxable court costs upon Defendant. *See id*.

Because the record on appeal only reflects the trial court imposed a total of $760.48 in "Jury Fees" upon Defendant as court costs and the record does not specifically indicate what those "Jury Fees" encompass, we reverse and remand the trial court's decision to impose $760.48 in "Jury Fees" upon Defendant as court costs. On remand, we instruct the trial court to, (1) determine how much of the $760.48 in "Jury Fees" consist of statutorily-authorized costs, i.e., "all fees due" persons selected to serve on the jury panel (including alternate empaneled jurors) for daily pay (at the rate of six dollars per day) and mileage (at the rate of seven cents per mile); and (2) impose only such statutorily-authorized costs upon Defendant unless the court finds that Defendant is unable to pay such costs pursuant to a motion filed by Defendant and after a hearing at which evidence regarding Defendant's inability to pay is adduced.[10]

Based on the foregoing, Defendant's second point on appeal is denied in part and granted in part. Point two is denied to the extent Defendant claims the trial court had no express statutory authority to impose any jury fees whatsoever as court costs upon Defendant. Point two on appeal is granted to the extent this Court cannot determine from the current record whether

---

[10] *See* Section 550.030 (providing "*[w]hen the defendant is sentenced to imprisonment in the county jail*, or to pay a fine, or both, *and is unable to pay the costs, the county in which the indictment was found or information filed shall pay the costs*, except such as were incurred on the part of the defendant"). (emphasis added). Here, it is undisputed Defendant was "sentenced to imprisonment in the [St. Francois] [C]ounty [J]ail." *See id*. As discussed in Section II.B.3. below, the issue of whether Defendant is unable to pay costs was never adjudicated by the trial court, and therefore, the issue is not ripe for appellate review; however, this issue may be addressed on remand pursuant to a motion filed by Defendant and after a hearing at which evidence regarding Defendant's inability to pay is adduced.

the trial court had express statutory authority to impose all, some, or none of the total $760.48 in "Jury Fees" the trial court imposed upon Defendant as court costs.[11]

### 3. The Imposition of the Entire Amount of Court Costs on Defendant ($981.50)

In Defendant's third and final point on appeal, she asserts the trial court's imposition of the entire amount of court costs on Defendant ($981.50) is erroneous under section 550.030 because Defendant is unable to pay the costs in that she is an indigent person represented by a public defender.

### a. Relevant Background

The $981.50 in court costs imposed on Defendant consist of $760.48 in "Jury Fees" (some, all, or none of which may be statutorily authorized pursuant to our analysis of Defendant's second point on appeal above) and $221.02 in non-jury fees which are undisputed to be statutorily authorized ("$221.02 in statutorily-authorized, non-jury fees"). *Compare* Section II.B.2.c. of this opinion *with* footnote 7 of this opinion.

At the June 28 sentencing hearing, defense counsel requested the trial court to waive the court costs because "this is a public defender case, [ ] [Defendant] is indigent[,] [and] [s]he cannot pay the court costs." Defense counsel did not present any evidence – testimonial, by affidavit, or otherwise – to establish Defendant is unable to pay the court costs. The trial court denied defense counsel's request to waive court costs, stating, "I am not willing to waive the costs at this time." The trial court never adjudged Defendant to be able or unable to pay the court of the costs of her case at any point during the criminal proceedings.

---

[11] Due to the scant record before us, we can only speculate that the $760.48 in "Jury Fees" encompasses more than the statutorily authorized "all fees due" persons selected to serve on the jury panel (including alternate empaneled jurors) for daily pay (at the rate of six dollars per day) and mileage (at the rate of seven cents per mile). Assuming there was a total of fourteen jurors selected to serve on the jury panel (twelve plus two alternates) in Defendant's trial, a total of $84.00 would be due to such jurors for daily pay at the rate of six dollars per day for the one-day trial in this case. Based on this assumption, we find it doubtful the remaining $676.48 in "Jury Fees" would be due the fourteen jurors for mileage at a rate of seven cents per mile, because this would mean the jurors would have collectively traveled 9,664 miles ($676.48/.07) or an average of approximately 690 miles per person (9,664/14).

### b. Relevant Law and Analysis

As previously stated, section 550.030 provides: "*When the defendant is sentenced to imprisonment in the county jail*, or to pay a fine, or both, *and is unable to pay the costs, the county in which the indictment was found or information filed shall pay the costs*, except such as were incurred on the part of the defendant." (emphasis added). Here, it is undisputed Defendant was "sentenced to imprisonment in the [St. Francois] [C]ounty [J]ail." *See id.*

With respect to the question of whether Defendant "is unable to pay the costs" imposed upon her in this case (including any costs for "all fees due" petit jurors that may be imposed upon Defendant on remand consistent with our analysis of Defendant's second point on appeal in Section II.B.2.c. of this opinion), Defendant's appellate counsel conceded during her oral argument before this Court that the issue of whether Defendant is unable to pay the costs is not ripe for appellate review. For the reasons set forth herein, we reach the same conclusion. *See Hopfer v. Neenah Foundry Company*, 477 S.W.3d 116, 127 n.5, 127-30 (Mo. App. E.D. 2015) (similarly finding and then proceeding to discuss the merits of a claim when a party conceded a claim during oral argument); *see also State v. Smith*, 505 S.W.3d 852, 861-62 (Mo. App. E.D. 2016).

We specifically find this Court's recent decision in *State v. Thomas*, 590 S.W.3d 418, to be instructive.[12] In *Thomas*, the defendant argued on appeal that the trial court erred in assessing court costs against him because he was indigent. *Id.* at 424. Our Court noted the trial court never adjudged the defendant to be unable to pay the court costs of his case at any point during

---

[12] We note the issue of whether a criminal defendant is unable to afford to hire a lawyer, i.e., whether she is indigent and qualifies for a public defender, is different from the issue of whether a criminal defendant is unable to pay costs. *See State ex rel. Fleming v. Missouri Board of Probation and Parole*, 515 S.W.3d 224, 227-28, 233, 233 n.9 (Mo. banc 2017) (indicating the determination of indigent status for purposes of appointment of an attorney is a separate issue from the determination of a defendant's ability to pay fines and/or costs); *see also State v. Savage*, No. WD82413, 2020 WL 5776016 at *14 (Mo. App. W.D. Sept. 29, 2020) ("having the financial wherewithal to hire counsel is a different matter from the ability to pay court costs"). It is unnecessary for us to discuss the specific differences between these two issues here, because, as discussed above, we find the question raised in this appeal – whether Defendant is unable to pay court costs imposed upon her in this case – is not ripe for appellate review.

the criminal proceedings, and that the trial court also indicated its willingness to consider the issue in the future. *Id*. Ultimately, the *Thomas* Court held that because the issue of whether the defendant was unable to pay costs was never adjudicated by the trial court, the issue was not ripe for appellate review, and the defendant's argument on appeal must be denied. *Id*. at 424-25.

As in *Thomas*, the trial court in this case never adjudged Defendant to be able or unable to pay the court of the costs of her case at any point during the criminal proceedings. Similarly, by stating, "I am not willing to waive the costs *at this time*," the trial court here indicated its willingness to consider the issue in the future. (emphasis added). Because the issue of whether Defendant is unable to pay costs was never adjudicated by the trial court, the issue is not ripe for appellate review and Defendant's third point on appeal must be denied. *See id*. However, we note Defendant, whose two-year probationary period ends June 27, 2021, may still file a motion before the trial court requesting that she be found unable to pay the court costs assessed in her criminal case. *See id*. at 425 (similarly finding). Furthermore, if such motion is filed, a hearing must be held on the motion, and in order to prevail, Defendant must present evidence – testimonial, by affidavit, or otherwise – to establish that she is unable to pay the court costs. *See State v. Savage*, No. WD82413, 2020 WL 5776016 at *14 (Mo. App. W.D. Sept. 29, 2020) (indicating a hearing must be held at which the defendant must present such evidence establishing inability to pay court costs).

### 4. Conclusion as to the Portion of the Judgment Imposing Court Costs on Defendant

We reverse the trial court's decision to impose $760.48 in "Jury Fees" upon Defendant as court costs. On remand, we direct the trial court to, (1) determine how much of the $760.48 in "Jury Fees" consist of statutorily-authorized court costs, i.e., "all fees due" persons selected to serve on the jury panel (including alternate empaneled jurors) for daily pay (at the rate of six dollars per day) and mileage (at the rate of seven cents per mile); and (2) impose only such

17

statutorily-authorized court costs upon Defendant unless the court finds that Defendant is unable to pay such costs pursuant to a motion filed by Defendant and after a hearing at which evidence regarding Defendant's inability to pay is adduced.  Additionally, on remand, the trial court may continue to impose the remaining $221.02 in statutorily-authorized, non-jury fees as court costs upon Defendant unless the court finds that Defendant is unable to pay such costs pursuant to a motion filed by Defendant and after a hearing at which evidence regarding Defendant's inability to pay is adduced.

### III.    CONCLUSION

Based on the foregoing, we affirm the portions of the judgment convicting Defendant of Counts I and III and sentencing Defendant on those counts.  However, we reverse the trial court's decision to impose $760.48 in "Jury Fees" upon Defendant, and we remand for further proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Judge

Colleen Dolan, P.J., and
Mary K. Hoff, J., concur.

18